UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on September 30, 2004

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 06- |
| | : | |
| v. | : | VIOLATIONS: |
| | : | 18 U.S.C. § 201(b)(2)(A) (Receipt of |
| GEORGE W. SMITHERMAN, JR., | : | Gratuities by a Public Official) |
| | : | (Counts 1-3) |
| Defendant. | : | 18 U.S.C. §§ 209(a) and 216(a)(2) |
| | : | (Receipt of Supplementation of Salary) |
| | | (Counts 4-6) |

## INDICTMENT

The Grand Jury charges that:

### COUNTS ONE THROUGH THREE – RECEIPT OF GRATUITIES BY A PUBLIC OFFICIAL

A. Introduction

Unless specified otherwise, at all times material to this Indictment:

1. Until on or about December 31, 2002, defendant GEORGE W. SMITHERMAN, JR. ("SMITHERMAN") was employed by the District of Columbia Public Schools ("DCPS") in Washington, D.C., as a principal of Moten Elementary School. Part of defendant SMITHERMAN's responsibilities was to manage the use of government-issued DCPS purchase cards and approve requests for the purchase of goods and services by the business manager at Moten Elementary School, Lorelle Dance.

2. Lorelle Dance ("Dance") was employed as a business manager for DCPS. Part of Lorelle Dance's job responsibilities was to procure goods and services for District of Columbia schools, including, among others, Moten Elementary.

3. Charles Wiggins ("Wiggins") operated a business known as Wiggins Telecommunications out of his home in Maryland. Wiggins Telecommunications was a computer company which installed and maintained computers. Wiggins, through Wiggins Telecommunications, agreed, through Dance, to perform computer installation services for DCPS. Wiggins, at the direction of Dance, also created a shell company, Motts Sales and Services, through which Wiggins billed DCPS, at the instruction of Dance, for custodial and computer-related goods and services.

B. <u>The Payment Scheme</u>

Unless specified otherwise, these events occurred in the period of in or about September of 2001 to in or about January of 2003:

4. Defendant SMITHERMAN introduced Wiggins to Dance in or about the Fall of 2001 as someone he should interact with to do business with DCPS. Thereafter, Wiggins sought business dealings with DCPS, including Moten Elementary School, through Dance.

5. Wiggins, through his company, Wiggins Telecommunications, provided computers and computer installation and maintenance to various DCPS elementary schools, including Moten Elementary, and charged DCPS for equipment and services to the government-issued purchase card belonging to Dance and others, with the approval of Dance.

6. Defendant SMITHERMAN directed a DCPS administrative assistant, in the presence of Wiggins, to type invoices for the services allegedly provided by Wiggins Telecommunications to Moten Elementary School.

7. Dance filled out and signed a monthly transaction log for the DCPS purchase card program fraudulently listing custodial goods and services that she claimed Wiggins Telecommunications had provided to DCPS, including Moten Elementary School, when, as Dance

well knew, Wiggins Telecommunications had not provided such custodial services or products.

8. At the direction of Dance, Wiggins created a shell company called Motts Sales and Services for the sole purpose of funneling money from DCPS to Dance and defendant SMITHERMAN. Wiggins, with the knowledge of Dance, used the purchase card number to receive money from DCPS to Motts Sales and Services, which provided no goods or services to DCPS.

9. Dance used her and others government-issued purchase card to charge for alleged services and equipment provided by Wiggins Telecommunications. Among these charges was almost $70,000 for alleged services and equipment allegedly provided to Moten Elementary School.

10. Dance used her and others government-issued purchase card to charge for alleged services and goods provided by Wiggins through his shell company, Motts Sales and Services. Among these charges was approximately $30,000 for alleged goods and services provided to Moten Elementary School.

11. Wiggins provided Dance with cash, cashier's checks and personal checks made payable to Dance and personal checks made payable to Dance's mortgage company from monies he received for the goods and services allegedly provided to DCPS by Wiggins and his companies.

12. Wiggins provided defendant SMITHERMAN with cashier's checks and a personal check made payable to defendant SMITHERMAN from monies he received for the goods and services allegedly provided to DCPS by Wiggins and his companies.

13. In exchange for funds kicked back to him by Wiggins, defendant SMITHERMAN approved payments from DCPS to Wiggins Telecommunications and shell company Motts Sales and Services for goods and services allegedly provided to Moten Elementary School, and ensured continued and lucrative business for Wiggins with DCPS.

14. On or about the date set forth below, in the District of Columbia, defendant SMITHERMAN, a public official, in a continuing course of conduct, otherwise than as provided by law for the proper discharge of official duties, directly and indirectly did demand, seek, receive, accept, and agree to receive and accept something of value from Wiggins, as set forth below, personally for and because of an official act performed or to be performed by such official, that is, agreeing to approve DCPS work and payments to Wiggins Telecommunications and shell company Motts Sales and Services for goods and services allegedly provided to Moten Elementary School, and ensuring continued and lucrative business for Wiggins with DCPS.

| COUNT | APPROXIMATE DATE | THING OF VALUE |
| --- | --- | --- |
| One | December 20, 2002 | $5,000.00 cashier's check |
| Two | December 23, 2002 | $4,000.00 cashier's check |
| Three | January 2, 2003 | $2,000.00 personal check |

**(Receipt of Gratuities by a Public Officials, in Violation
of Title 18, United States Code, Section 201(c)(1)(B))**

### COUNTS FOUR THROUGH SIX – RECEIPT OF ILLEGAL SUPPLEMENTATION OF SALARY BY GOVERNMENT EMPLOYEE

15. Paragraphs 1-13 of Count One of this Indictment are realleged and expressly incorporated as if set forth in full herein.

16. On or about the dates set forth below, in the District of Columbia, defendant SMITHERMAN, an officer and employee of the District of Columbia, willfully received from a source other than the Government of the District of Columbia, that is, Charles Wiggins, a contribution to and supplementation of defendant's salary as compensation for defendant's services as the principal of Moten Elementary School.

| COUNT | APPROXIMATE DATE | AMOUNT |
|-------|------------------|--------|
| Four  | December 20, 2002 | $5,000.00 cashier's check |
| Five  | December 23, 2002 | $4,000.00 cashier's check |
| Six   | January 2, 2003   | $2,000.00 personal check |

**(Receipt of Illegal Supplementation of Salary, in violation of Title 18, United States Code, Sections 209(a) and 216(a)(2))**

A TRUE BILL


FOREPERSON



ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA