```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA       :
                               :
         v.                    :     Criminal No. 06-284 (JDB)
                               :
GEORGE W. SMITHERMAN, JR.      :
```

### DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Mr. George W. Smitherman, Jr., the defendant, through undersigned counsel, respectfully moves this Honorable Court to suppress the use as evidence at trial of all statements allegedly made by Mr. Smitherman on July 27, 2004.  Mr. Smitherman requests an evidentiary hearing on this motion.  In support of this motion, Mr. Smitherman submits the following.

### FACTS

Mr. Smitherman is charged in a six count indictment with three counts of receipt of gratuities by a public official and three counts of receipt of supplementation of salary.  The charges arose out of an investigation conducted by the United States Attorney's Office for the District of Columbia and agents of the Federal Bureau of Investigation ("FBI").  During the course of this investigation, a grand jury subpoena was served on Mr. Smitherman.  As directed by this subpoena, Mr. Smitherman reported to the third floor of the United States Courthouse on

July 27, 2004.  He was subsequently escorted to an interview room and interviewed by an Assistant United States Attorney and two FBI agents.  Mr. Smitherman was not given the full Miranda warnings prior to this interview and did not waive his Miranda rights.  After making statements to the Assistant United States Attorney and FBI agents, Mr. Smitherman testified before the grand jury.

**ARGUMENT**

The statements made by Mr. Smitherman prior to and during his grand jury appearance must be suppressed because they were obtained in violation of Mr. Smitherman's Fifth Amendment rights.  The Supreme Court has held that, "when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the [Fifth Amendment] privilege against self-incrimination is jeopardized."  Miranda v. Arizona, 384 U.S. 436, 478 (1966).  In order to protect the privilege, the Supreme Court set forth procedural safeguards.  The safeguards require that prior to custodial interrogation an individual must be warned "that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires."  Id. at 479.

Statements made in response to custodial interrogation may only be used against a defendant if the defendant has been given the Miranda warnings and subsequently makes a knowing and intelligent waiver of these rights. Id. The government bears the burden of demonstrating that the Miranda warnings were given and that the defendant has made a knowing and intelligent waiver. Id.

The elements of a Miranda violation are present in this case. At the time he was interviewed by the Assistant United States Attorney and FBI agents (just prior to his grand jury appearance) on July 27, 2004, Mr. Smitherman was in custody – he had been compelled to appear by the grand jury and was not free to leave. The statements he made were made in response to questioning by the prosecutor and FBI agents. At the time he made the statements, Mr. Smitherman had not been fully advised of his Miranda rights nor had he made a knowing and intelligent waiver of his Fifth Amendment rights. The statements were therefore taken in violation of these rights and must be suppressed.

After the interview, Mr. Smitherman appeared before the grand jury. The government was not obligated to give the full Miranda warnings prior to Mr. Smitherman's grand jury testimony. See United States v. Mandujano, 425 U.S. 564 (1976). However, Mr. Smitherman's grand jury testimony was not given after the

required voluntary waiver of his Fifth Amendment rights because his decision to testify was a result of the earlier Fifth Amendment violation, when the prosecutor and agents were required, but failed, to give the full <u>Miranda</u> warnings.  Under these circumstances, because the prosecutor and agents again failed to fully advise Mr. Smitherman of his <u>Miranda</u> rights, the use as evidence of the grand jury testimony also must be suppressed.  <u>Cf</u>. <u>Oregon v. Elstad</u>, 470 U.S. 298 (1985) (officer's failure to give <u>Miranda</u> warnings before initial statement does not, without more, taint or require suppression of subsequent statements obtained after <u>Miranda</u> warnings given and voluntary waiver obtained).  Here, unlike in <u>Elstad</u>, the <u>Miranda</u> violation continued through Mr. Smitherman's grand jury appearance and was not interrupted with a valid waiver.

## **CONCLUSION**

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Smitherman respectfully requests that this motion be granted and that the Court suppress the use as evidence of all statements allegedly made by Mr. Smitherman on July 27, 2004.

```
                              Respectfully submitted,
                              A.J. KRAMER
                              FEDERAL PUBLIC DEFENDER


                                     /s/
                              _____
                              Mary Manning Petras
                              Assistant Federal Public Defender
                              625 Indiana Avenue, N.W.
                              Washington, D.C.  20004
                              (202) 208-7500
```