```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

**UNITED STATES OF AMERICA**       :

                                    :

        **v.**                            Criminal No. 06-284 (JDB)

                                    :

**GEORGE W. SMITHERMAN, JR.**      :

### DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF PRESENTENCE INVESTIGATION REPORTS
### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Mr. George W. Smitherman, Jr., the defendant, through undersigned counsel, respectfully moves this Honorable Court to compel the government to disclose the Presentence Investigation Reports prepared in <u>United States v. Charles Wiggins</u>, 05-CR-433 and <u>United States v. Lorelle Dance</u>, 06-CR-46. In support of this motion, counsel submits the following.

### Factual Background

Mr. Smitherman is charged in a six count indictment with three counts of receipt of gratuities by a public official and three counts of receipt of supplementation of salary. In 2001 and 2002, Mr. Smitherman was employed by the District of Columbia Public Schools (DCPS) as the principal at Moten Elementary School. During this time period, Charles Wiggins operated two companies through which he agreed to provide services to DCPS. According to the indictment, with the assistance of Lorelle Dance, another DCPS employee, Mr. Wiggins billed DCPS for services and goods he did not provide. The charges against

Mr. Smitherman are essentially based on the allegation that he accepted $11,000 from Charles Wiggins for and because of his agreement to approve payments to Mr. Wiggins's companies and ensure continued business for Mr. Wiggins with DCPS.

Pursuant to a plea agreement, on January 4, 2006, Mr. Wiggins entered a guilty plea to one count of payment of bribes to public officials.  Similarly, on April 3, 2006, Ms. Dance entered a guilty plea to one count of conspiracy.  The plea agreements signed by Mr. Wiggins and Ms. Dance provide that they will cooperate with the government.  Consistent with their obligations under these agreements, counsel anticipates that Mr. Wiggins and Ms. Dance will be government witnesses at Mr. Smitherman's trial.

Pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), in a letter to government counsel, dated March 26, 2007, Mr. Smitherman, through counsel, requested that the government disclose the Presentence Investigation Reports prepared for Ms. Dance and Mr. Wiggins.  Government counsel denied this request.

## **ARGUMENT**

The government must disclose to the defendant all exculpatory evidence in its possession that is material to guilt or punishment, including evidence that adversely affects the credibility of the government witnesses.  <u>United States v.

Bagley, 473 U.S. 667, 676 (1985); Giglio v .United States, 405 U.S. 150, 154-55 (1972); Brady v. Maryland, 373 U.S. 83, 87 (1963). The defendant's due process right to obtain exculpatory information extends to information contained in the presentence investigation reports of government witnesses. United States v. Alvarez, 358 F.3d 1194, 1207 (9th Cir. 2004).

The Court should conduct an *in camera* review of the presentence reports of government witnesses to determine if they contain material and favorable information. Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987) (remanding for *in camera* review of confidential Children and Youth Services file for exculpatory information); United States v. Scroggins, 379 F.3d 233 (5th Cir. 2004) (district court erred in failing to conduct *in camera* review of presentence investigation reports produced for government witnesses); Alvarez, 358 F.3d at 1207 (court must examine presentence reports of government witness or have probation officer examine reports for exculpatory information).

Exculpatory information – including information that tends to show bias and impeaching information – in the reports must be disclosed. Such information would include statements made regarding acceptance of responsibility, statements regarding the offense, substance abuse history, mental health information, prior criminal history, motives for cooperating with the government, and financial data. See Alvarez, 358 F.3d at 1207;

see also United States v. Binn, WL1113918 (S.D. Ind. 2005)(ordering disclosure of portions of government witnesses' presentence reports, including portions regarding the offense, criminal history and substance abuse); United States v. Ramirez, 54 F.Supp.2d 25 (D.D.C. 1999) (granting motion for disclosure of portions of government witnesses' presentence reports including witnesses' statements and exculpatory information).

## CONCLUSION

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Smitherman respectfully requests that the Court conduct an *in camera* review of the Presentence Investigation Reports prepared in United States v. Charles Wiggins, 05-CR-433 and United States v. Lorelle Dance, 06-CR-46, and require the government to disclose the portions of the reports containing exculpatory or impeaching information.

Respectfully submitted,

/s/
_____
A.J. Kramer
Federal Public Defender


/s/
_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500

4