UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-284 (JDB) |
| | : | |
| v. | : | |
| | : | |
| GEORGE W. SMITHERMAN, JR., | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL
DISCLOSURE OF PRESENTENCE INVESTIGATION REPORTS (DKT. NO. 20)**

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to the motion of defendant George W. Smitherman, Jr., to compel disclosure of presentence investigation reports ("PSR"). Dkt. No. 20. Specifically, in his motion defendant seeks the disclosure of the PSRs in United States v. Charles Wiggins, 05-CR-433 and United States v. Lorelle Dance, 06-CR-46. Pursuant to the Court's instructions, the government has reviewed the two PSRs and, with one exception, found no material covered by Brady v. Maryland, 373 U.S. 83 (1963). As to the one item, the government does not believe, as will be discussed below, it needs to be disclosed to defense counsel, but requests that the Court do an *in camera* review of that specific item to determine if it agrees with the government.[1]

**I. Factual Summary**

1. On September 26, 2006, an indictment was filed in this case charging defendant with three counts of receipt of gratuities by a public official and three counts of receipt of supplementation of salary.

2. Defendant was the principal of Moten Elementary School ("Moten") until the end of 2002. At that time, Lorelle Dance was the business manager at Moten and Charles Wiggins was an

---

[1] Defense counsel should not assume from this response that the government has committed to calling either of these individuals as witnesses at trial.

individual paid to provide goods and services to Moten.  The charges in this case relate to $11,000 given to defendant by Mr. Wiggins, with the involvement of Ms. Dance, for or because of defendant agreeing to approve payments from the DC Public Schools to Mr. Wiggins companies and to ensure continued and lucrative business of Mr. Wiggins with DCPS.

      3.  On January 4, 2006, Mr. Wiggins pled guilty to paying bribes to public officials.  He is awaiting sentencing.

      4.  On April 26, 2006, Ms. Dance pled guilty to a conspiracy count involving, among others, bribery of public officials.  She was sentenced on August 31, 2006, to 18 months in prison.

      5.  On March 26, 2007, defendant requested from the government, under Brady v. Maryland, 373 U.S. 83 (1963), among other items, the PSRs for Mr. Wiggins and Ms. Dance.

      6.  On July 12, 2007, the government responded as follows: "As to the presentence investigation reports you[] requested for Charles Wiggins and Lorelle Dance, please note that there may be certain steps you have to take in order to obtain such information because of the privacy protections of those documents.  See United States v. Trevino, 89 F.3d 187 (4th Cir. 1996)."[2]

---

[2]  In Trevino, the court held that "(1) district court is under no duty to conduct an in camera examination of requested presentence investigation report (PSR) unless accused has first clearly specified information contained in report that he expects will reveal exculpatory or impeachment evidence; (2) as prerequisite to in camera review of PSR, accused must plainly articulate how information contained in PSR will be both material and favorable to his defense; and (3) district court's decision, after conducting in camera review, not to disclose information contained in PSR was not clearly erroneous."  89 F.3d at 187.

All PSR's in this district are marked on the front page "3rd Party Disclosure Not Authorized" and have the following restriction usually on the second page of ""[i]t is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation report is prohibited without the consent of the sentencing judge."  Absent such consent, "[b]ecause the co-defendants' reports remain under the Court's control, the government may not disclose them."  United States v. Guitard, 2007 WL 185008 (W.D. Wash.  2007) (unreported decision, but its analysis may be of assistance to the Court).  The Court, however, can have an *in camera* review done of the report to conform with Brady's requirements,  *id.* (citing United States v. Alvarez, 358 F.3d 1194, 1207-08 (9th Cir. 2004)), as the Court did here.

7. On October 2, 2007, defendant filed the present motion to compel disclosure of the PSRs.

8. On October 5, 2007, the Court directed the government attorneys to review the PSRs to determine if there is Brady material contained therein. If so, the government is to turn over such material to defendant's attorneys. If the government has a question about whether any material might be Brady, it was to submit the question as to that material to the Court by October 12, 2007.

## II. Discussion

Pursuant to the Court's instructions, government counsel reviewed the PSRs for Ms. Dance and Mr. Wiggins. Counsel saw nothing in Ms. Dance's report that needs to be provided to the defense counsel or the Court as potential Brady material. As to Mr. Wiggins' report, the only potential item that might need to be considered by the Court is his criminal history shown on page 7 of the report.[3] It is the position of the government that, since Mr. Wiggins' criminal record will be provided to defense counsel at the time Jencks material is turned over, this part of the PSR does not need to be provided to defense counsel.

---

[3]    The relevant portion of this page will be submitted to the Court by way of a separate pleading filed *ex parte and* under seal.

## III. Conclusion

For the foregoing reasons, the United States respectfully requests that the Court review the above-referenced criminal history information for Mr. Wiggins *in camera*. Otherwise, the PSRs do not contain any information the government believes to be covered by Brady.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No. 498610

/s/ *Julieanne Himelstein/Daniel P. Butler*
JULIEANNE HIMELSTEIN, Bar No. 417136
DANIEL P. BUTLER, Bar No. 417718
ASSISTANT UNITED STATES ATTORNEYS
555 4th Street, N.W., 5TH Floor
Washington, DC 20530
(202) 514-8203, (202) 353-9431
Julieanne.Himelstein@USDOJ.Gov
Daniel.Butler@USDOJ.Gov