## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**          :

              **v.**          :          **Cr. No. 06-284 (JDB)**

**GEORGE SMITHERMAN**          :

## MOTION TO CONTINUE TRIAL AND
## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Pursuant to Federal Rule of Criminal Procedure 16 and the Due Process Clause of the United States Constitution, Mr. George Smitherman, the defendant, through undersigned counsel, respectfully moves this Honorable Court to continue the October 22, 2007, trial date, due to violations of Rule 16 and Mr. Smitherman's constitutional right to due process.  In support of this motion, counsel submits the following.

### FACTS

Mr. Smitherman is charged in a six count indictment with three counts of receipt of gratuities by a public official and three counts of receipt of supplementation of salary. He was arraigned on these charges on October 11, 2006.

Pursuant to Rule 16, with a cover letter to defense counsel dated October 18, 2006, government counsel produced numerous documents.  Defense counsel subsequently requested several additional documents which were provided by fax on January 8 and 11, 2007.  In a letter to government counsel dated January 11, 2007, defense counsel referred to the list of documents in government counsel's October 18th letter and the faxed materials, and indicated that is was their understanding that there were "no other documents which are within the possession, custody or control of the

government, and which are material to the preparation of the defendant's defense, or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant." Defense counsel's January 11th letter also made requests for exculpatory materials, pursuant to Brady v. Maryland, 373 U.S. 83 (1963).

In a letter dated March 26, 2007, defense counsel requested that the government provide additional documents (government counsel had noted in their October 18th letter that these documents were in their possession and would be provided upon request) and made more specific requests pursuant to Brady.   In response, in a letter to defense counsel dated July 12, 2007, the government produced the requested documents and indicated that government counsel were aware of their obligations under Brady.

The document produced by the government with the October 18th letter included Monthly Transaction Reports associated with the purchase cards used at a number of different elementary schools, including Hamilton Center, Bunker Hill Elementary School, Ludlow-Taylor Elementary School, and Rudolph Elementary School.  The government did not produce any Monthly Transaction Reports relating to Moten Elementary School, the school where Mr. Smitherman was employed.

In a telephone conversation during the week of October 1, 2007, defense counsel asked Assistant United States Attorney Daniel Butler why there were no Monthly Transaction Reports for Moten Elementary School.  Mr. Butler indicated that he believes the logs existed at some point, but in response to a subpoena, District of Columbia Public Schools (DCPS) officials could not locate any reports for Moten.

In preparation for the October 5, 2007, motions hearing in this matter, on October 4th, government counsel provided defense counsel with the Jencks materials for FBI Special Agent Julie Lenkhart.  These materials included four grand jury transcripts and six reports.  As defense counsel explained to the Court ex parte at the October 5th hearing, these materials included exculpatory Brady information.  At that hearing, the Court ordered the government to provide defense counsel with all Brady information within its possession no later than Friday, October 12, 2007.  The government also indicated that it would turn over Jencks material by Friday, October 19, one business day before the scheduled start of the trial.

In a telephone conversation on Wednesday, October 10, 2007, Mr. Butler notified defense counsel that he now believed that one of the Federal Bureau of Investigation (FBI) agents who was working on this case had within her possession a Monthly Transaction Report for Moten, signed by Mr. Smitherman.  Mr. Butler indicated that he would provide this document to counsel when he obtained it.  In addition, the government indicated that it would turn over "impeachment" material with the Jencks material.

On October 12, 2007, defense counsel called Mr. Butler and told him that she had not yet received any Monthly Transaction Report for Moten.  She asked Mr. Butler if he had such a document.  Mr. Butler indicated he did.  At counsel's request, that afternoon (ten days before the scheduled trial date), Mr. Butler faxed the document and a report prepared by the FBI agent to counsel.  The FBI report indicates that the document was produced by DCPS in response to a subpoena, on January 10, 2006 – 21 months before it was provided to defense counsel.

3

Also on October 12th, pursuant to this Court's order, government counsel provided defense counsel with materials related to Charles Wiggins and Lorelle Dance. Mr. Wiggins and Ms. Dance each pleaded guilty in relation to the charges alleged in this case and have agreed to cooperate with the government. The materials provided on October 12, 2007, included two reports of interviews of Ms. Dance.

After reviewing the Monthly Transaction Log and other materials sent to counsel on October 12th, defense counsel have determined that they cannot be prepared for a trial on October 22, 2007. Counsel respectfully request an opportunity to explain the prejudice caused by the late production of these materials to the Court ex parte. Permitting the government to hear defense counsel's proffer of the prejudice would cause further prejudice by disclosing defense work product to the government.

## ARGUMENT

Federal Rule of Criminal Procedure 16 provides that upon request,

> the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (I) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. Proc. 16(a)(1)(E). The government did not timely disclose the Moten Elementary Monthly Transaction Report, in violation of its obligations under Rule 16. The defense requested all Rule 16 materials; the document has been in the possession

of the government since January 10, 2006; the document is material to preparing the defense; and, the government intends to use the document at trial.

Rule 16 provides that when a party fails to comply with the rule, the Court may grant a continuance. Such a continuance is necessary here to permit defense counsel to adequately prepare for trial.

In addition to the obligations under Rule 16, the government must disclose to the defendant all exculpatory evidence in its possession that is material to guilt or punishment, including evidence that adversely affects the credibility of the government witnesses. United States v. Bagley, 473 U.S. 667, 676 (1985); Giglio v .United States, 405 U.S. 150, 154-55 (1972); Brady v. Maryland, 373 U.S. 83, 87 (1963). "Disclosure by the government must be made at such a time as to allow the defense to use the favorable material effectively in the preparation and presentation of its case, even if satisfaction of this criterion requires pre-trial disclosure." United States v. Pollack, 534 F.2d 964, 973 (D.C. Cir. 1993). The government did not disclose the reports of the interviews of Ms. Dance sufficiently prior to trial to permit defense counsel to adequately make use of them. Additional time is necessary for defense counsel to do so.

The government's indication that it will turn over "impeachment" material with the Jencks material also necessitates a continuance. The "obligation" to disclose Brady material "extends to impeachment evidence," and thus it should have been disclosed to defendant on October 12th. Paradis v. Arave, 240 F.3d 1169, 1177 (9th Cir. 2001). See also United States v. Rivas, 377 F.3d 195, 199 (2d Cir. 2004) (same); United States v. Owens, 933 F. Supp. 76 (D. Mass. 1996) (discussing duty to turn over material that

5

might come within <u>Jencks</u> as part of <u>Brady</u> obligation).  Thus, the failure of the government to timely provide such material likewise warrants a continuance.

<u>**CONCLUSION**</u>

Because the government failed to timely produce the Moten Elementary Monthly Transaction Report, the statements of Ms. Dance, and impeachment material, the Court should continue the trial to give counsel time to adequately prepare.

Respectfully submitted,

/s/

_____
A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

_____
MARY MANNING PETRAS
ASSISTANT FEDERAL PUBLIC DEFENDER

625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500