UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-284 (JDB) |
| | : | |
| v. | : | |
| | : | |
| GEORGE W. SMITHERMAN, JR., | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION TO CONTINUE TRIAL (DKT. NO. 24)

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this opposition to the motion of defendant George W. Smitherman, Jr., to continue the trial date (Dkt. No. 24). Although the government inadvertently failed to earlier disclose an 1-page document, it has now done so ten days before trial and defendant has cited nothing in his motion showing prejudice in the government not providing this document earlier. Defendant also made some general, non-specific assertions about the government's alleged non-compliance with the requirements of Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, as another reason for a continuance. The government responds by stating that it believes it is complying and will comply with its obligations under those cases, and that this is not a ground for a continuance.

### A. Factual Summary

On September 26, 2006, defendant, a former principal of Moten Elementary School ("Moten") was indicted by the grand jury for receiving payments from a person who provided services to Moten, Charles Wiggins. Wiggins was paid for his alleged services with a DC Public Schools ("DCPS") purchase card, with the involvement of the Moten business manager, Lorelle Dance. Defendant was charged with three counts of illegal gratuities and three counts of

supplementation of salary. Defendant's trial is scheduled to begin on October 22, 2007.

Following the indictment, the government began providing to defense counsel discovery materials under Fed.R.Crim.P. 16. Among the documents provided to defense counsel were Monthly Transaction Reports showing charges on the DCPS purchase cards at different schools. The government believed it did not have any such reports for Moten, the school at which defendant was principal, and, accordingly, did not turn over any of those reports to defense counsel.

On October 4, 2007, in a telephone conversation, defense counsel Mary Manning Petras asked Assistant U.S. Attorney ("AUSA") Daniel Butler if the government had any Monthly Transaction Reports for Moten. AUSA Butler responded that the government had sought those records for Moten, but was told by the office that should have custody, the Office of the Chief Financial Officer for DCPS, that they could not find the records. AUSA Butler told defense counsel that the government intended to prove the use of the Monthly Transaction Reports by what was normally done by employees of DCPS, with the government explaining through a witness its unsuccessful efforts to obtain those reports for Moten.

Following the October 4, 2007, telephone conversation, AUSA Butler contacted the FBI case agent to discuss the call. Upon further looking, the case agent found attached to an FD-302 dated January 10, 2006, detailing a discussion with an auditor of the DC Public Schools Controller's Office, which had attached to it one of the Monthly Transaction Report for Moten, an 1-page document. On October 12, 2007, AUSA Butler, shortly after receiving the FD-302 from the case agent, provided the report to defense counsel Petras. The auditor had received this 1-page document when her office did a review of the purchase card program, but her office reportedly did not have other such documents for Moten.

Also on October 12, 2007, pursuant to the Court's instructions on October 5, 2007, the government turned over to defense counsel documents relating to the guilty pleas by Charles Wiggins and Lorelle Dance, as well as interview reports of Ms. Dance.

On October 15, 2007, defendant filed the present motion to continue the trial date. Defense counsel claim that, based on the documents provided on October 12, 2007, they cannot be prepared for trial on October 22, 2007. They did not explain in their motion the alleged prejudice of the lack of earlier disclosure, but asked to do so *ex parte*. They also make general, non-specific assertions regarding the obligations of <u>Brady</u> and its progeny.[1]

## B. <u>Discussion</u>

The government should have turned over the 1-page Monthly Transaction Report form earlier, but did not believe it had any such documents from Moten. Upon the October 4, 2007, telephone conversation request from defense counsel, the government checked again to see if had any such document and found one, which the prosecutor thereafter provided to defense counsel once he received it. Non-production earlier was completely inadvertent – the document was found in an unexpected place – and steps were taken expeditiously to correct such once the matter was brought to the government's attention. Furthermore, since it is a 1-page document which was provided to defense counsel ten days before trial is scheduled to begin, it is hard to determine how the defendant

---

[1] Following the October 5, 2007, hearing with the Court, in which defense counsel *ex parte* made contentions regarding <u>Brady</u>, the government counsel contacted them and asked them to specify what were their contentions. Government counsel stated that they were trying to do their job appropriately, and if there was something that could help them understand what specific requests the defense counsel were making, they would, in good faith, consider those requests. The only specifics mentioned by defense counsel were statements of Ms. Dance and Mr. Wiggins, or impeachment of those two individuals. The government, on October 12, 2007, provided some documents relevant to that request.

is prejudiced. Moreover, defense counsel's request to explain such *ex parte* does not assist the government in that determination.[2]

As to alleged materials covered by Brady and its progeny, the only information that the government believes it presently has that has not been turned over to defense counsel is impeachment-styled information concerning its witnesses. With respect to disclosure required under Giglio v. United States, 405 U.S. 150 (1972), it is the government's intention to provide this information at the same time it discloses Jencks material, that is, the Friday before trial, so that such information may be used during cross-examination. *See also* United States v. Phillips, 854 F.2d 273, 276 (7th Cir. 1988). It is the government's position, consistent with the law of this Circuit, that the government satisfies its discovery obligations where it provides impeachment-styled information concerning its witnesses in time for defendants to make use of it. United States v. Wilson, 160 F.3d 732, 742 (D.C. Cir. 1998), *cert denied*, 528 U.S. 828 (1999).

---

[2] At the last hearing, as discussed in the prior footnote, the defense made an *ex parte* submission as to what they contend is alleged Brady material. Absent the benefit of the context in which defense counsel would view evidence as covered by Brady and its progeny, it is hard for the government to determine why defense counsel might consider some evidence as covered by the requirements of those cases. Similarly, here defense counsel's request to explain the prejudice *ex parte* deprives the government of the context sufficient to respond to the defense request.

## C. Conclusion

For the foregoing reasons, the United States respectfully submits that defendant's motion should be denied.

        Respectfully Submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY
        D.C. Bar No. 498610

        / s / *Julieanne Himelstein/Daniel P. Butler*
        JULIEANNE HIMELSTEIN
        Bar No. 417136
        DANIEL P. BUTLER
        Bar No. 417718
        ASSISTANT UNITED STATES ATTORNEYS
        Bar No. 417136
        555 4th Street, N.W., 5TH Floor
        Washington, DC 20530
        (202) 514-8203, (202) 353-9431
        Julieanne.Himelstein@USDOJ.Gov
        Daniel.Butler@USDOJ.Gov.