UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-284 (JDB) |
| v. | : | |
| GEORGE W. SMITHERMAN, JR., | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE
IMPEACHMENT BY EVIDENCE OF PRIOR CONVICTION
PURSUANT TO FEDERAL RULES OF EVIDENCE 609(b)**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this motion *in limine* pursuant to Fed. R. Evid 609(b) to exclude evidence of a conviction of Charles Wiggins which is more than ten years old. Fed. R. Evid. 609(b) prohibits evidence of a conviction that is more than ten years old, absent certain circumstances, which are not present in this matter. Accordingly, the government moves to exclude such evidence in this case.

**A. Factual Summary**

On September 26, 2006, defendant, a former principal of Moten Elementary School ("Moten") was indicted by the grand jury for receiving payments from a person who provided services to Moten, Charles Wiggins. Mr. Wiggins was paid for his alleged services with a DC Public Schools ("DCPS") purchase card, with the involvement of the Moten business manager, Lorelle Dance. Defendant was charged with three counts of illegal gratuities and three counts of supplementation of salary. Defendant's trial is scheduled to begin on December 12, 2007.

Potential government witness Mr. Wiggins has two prior arrests, with one resulting in a conviction.[1] The arrest that resulted in a conviction was on June 9, 1982, in Prince George's County,

---

[1] The first arrest was by the Metropolitan Police Department on September 15, 1977, Case No. 1978FEL000637, for false pretenses, which case was dismissed on February 28, 1978.

Maryland, for theft over $300. On March 30, 1983, Mr. Wiggins was given an eighteen month suspended sentence on this conviction and placed on five years of unsupervised probation.

### B. Discussion

Fed. R. Evid. 609(a) provides, in relevant part, that:

 **(a) General rule. –** For the purpose of attacking the character for truthfulness of a witness, (1) evidence that a witness . . . has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by . . . imprisonment in excess of one year under the law under which the witness was convicted[.]

Fed. R. Evid. 609(b) provides that:

 **(b) Time limit.** Evidence of a conviction under this rule is not admissible if a period of more that ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweigh its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

In this matter, the prior conviction of Mr. Wiggins, using the calculations set forth in Fed. R. Evid. 609(b), is more than 19 ½ years old (*i.e.*, the five years of probation expired in March of 1988; the time since then is approximately 19 ½ years). Accordingly, this conviction is well beyond the 10 year time limitation provided in Rule 609(b) and should be excluded. Further, defendant cannot, as required by Rule 609(b), demonstrate that, "in the interest of justice, the probative value of the conviction supported by facts and circumstances substantially outweighs its prejudicial effect."

### C. Conclusion

For the foregoing reasons, the United States respectfully submits that the Court should exclude any and all impeachment by use of this one conviction of Mr. Wiggins.

Respectfully Submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No. 498610


/ s / *Julieanne Himelstein/Daniel P. Butler*
JULIEANNE HIMELSTEIN
Bar No. 417136
DANIEL P. BUTLER
Bar No. 417718
ASSISTANT UNITED STATES ATTORNEYS
Bar No. 417136
555 4th Street, N.W., 5TH Floor
Washington, DC 20530
(202) 514-8203, (202) 353-9431
Julieanne.Himelstein@USDOJ.Gov
Daniel.Butler@USDOJ.Gov