**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :     Criminal No. 06-284 (JDB) |
| | : |
| GEORGE W. SMITHERMAN, JR. | : |

### OPPOSITION TO GOVERNMENT'S MOTIONS *IN LIMINE*

Mr. George W. Smitherman, Jr., the defendant, through undersigned counsel, respectfully submits the following consolidated opposition to the Government's Motion *In Limine* Regarding Cross-Examination of Witness Charles Wiggins and the Government's Motion *In Limine* to Exclude Impeachment by Evidence of Prior Conviction Pursuant to Federal Rules of Evidence 609(b).

### Factual Background

In 2003, the government began an investigation regarding the illegal use of purchase cards by employees of the District of Columbia Public Schools. As a result of this investigation, Charles C. Wiggins entered a plea of guilty to one count of payment of bribes to public officials in violation of 18 U.S.C. § 201(b)(1)(A), and Lorelle Dance entered a plea of guilty to one count of conspiracy in violation of 18 U.S.C. § 371. In their plea agreements, Mr. Wiggins and Ms. Dance agreed to cooperate with the government in the investigation and prosecution of others.

Apparently as a result of their cooperation, an indictment was returned, charging Mr. Smitherman with three counts of receipt of gratuities by a public official and three counts of receipt of supplementation of salary.  Specifically, the government alleges that Mr. Smitherman accepted three checks from Mr. Wiggins and that these checks constituted illegal gratuities and illegal supplementation of salary.  At trial, it is unclear whether the government intends to call Ms. Dance as a witness against Mr. Smitherman, but it appears certain that it will call Mr. Wiggins.  Indeed, Mr. Wiggins will be the government's primary witness against Mr. Smitherman.  Mr. Wiggins has agreed to testify because he hopes to obtain a downward departure motion pursuant to § 5K1.1 of the United States Sentencing Guidelines.

In two recently filed motions *in limine*, the government seeks pretrial rulings curtailing the cross-examination of Mr. Wiggins.  Mr. Smitherman's Sixth Amendment right to cross-examination and his rights under Federal Rules of Evidence 608(b) and 609 should not be limited, and both government motions should be denied.

## Argument

Mr. Smitherman has a Sixth Amendment right to cross-examine witnesses against him.  The Sixth Amendment guarantees a criminal defendant's right "to be confronted with the witnesses against him."  "[A] primary interest secured by [the Confrontation

Clause] is the right of cross-examination . . . Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." <u>Davis v. Alaska</u>, 415 U.S. 308, 315-316 (1974) (internal quotation marks omitted). Because this is so, "[t]he partiality of a witness is subject to exploration at trial, and is always relevant as discrediting the witness and affecting the weight of his testimony." <u>Id</u>. at 316. (internal quotation marks omitted). "[T]he cross-examiner has traditionally been allowed to impeach, <u>i.e</u>., discredit the witness." <u>Id</u>. at 316. <u>See also United States v. Whitmore</u>, 359 F.3d 609, 615 (D.C. Cir. 2004). As the Sixth Circuit has noted, "[t]here are few subjects, perhaps, upon which this Court and other courts have been more unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." <u>Stevens v. Bordenkircher</u>, 746 F.2d 342, 346 (6th Cir. 1984).

Admittedly, the Court has the discretion to place reasonable limits on cross-examination. <u>Id</u>. at 616. However, when considering such limitations, the Court "must 'be cautious,' . . . '[p]articularly where a party is seeking to impeach a witness whose credibility could have an important influence on the outcome of the trial.'" <u>Id</u>. (quoting <u>Harbor Ins. Co. V. Schnabel Found. Co.</u>, 946 F.2d 930, 935 (D.C. Cir. 1991)). Mr.

Wiggins is the principal witness against Mr. Smitherman.  His credibility not only will have an "important influence" on the outcome of the trial, it will be central to the jury's decision. Any unreasonable limitation on the cross-examination of Mr. Wiggins will violate Mr. Smitherman's constitutional right to cross-examination.  Courts "have repeatedly insisted that wide latitude be given to defendants in their cross-examination of key prosecution witnesses . . ." United States v. Uramoto, 638 F.2d 84, 86 (9th Cir. 1980).  "Counsel should be allowed great latitude in cross examining a witness regarding his motivation or incentive to falsify testimony, and this is especially so when cross examining an accomplice or a person cooperating with the Government." United States v. Handerman, 109 F.3d 1053, 1063 (5th Cir. 1997).

I.   **THE COURT SHOULD PERMIT CROSS-EXAMINATION OF CHARLES WIGGINS REGARDING THE FULL EXTENT OF HIS COOPERATION.**

The government first seeks to limit its obligation to disclose to the defense information regarding the nature of Mr. Wiggins cooperation.  Specifically, the government states that, in addition to cooperating against Mr. Smitherman, Mr. Wiggins has cooperated in matters that do not involve Mr. Smitherman.  The government refuses to disclose the nature of these other matters to the defense, but asks the Court to find – after reviewing *ex parte* a summary of the information provided – that the defense is not entitled to know what this information is

and, therefore, is not entitled to cross-examine Mr. Wiggins regarding the information.

Undersigned counsel, of course, does not have the ability to explain the specific admissible uses of this evidence because the government refuses to disclose this information to the defense. It is not possible for Mr. Smitherman "to rebut evidence he has never seen . . . ." Stewart v. Erwin, NO. 05-4635, 2007 WL 2915093 at *12 (6th Cir. Oct. 9, 2007). However, at a minimum, the undisclosed cooperation provided by Mr. Wiggins necessarily must contain material that may be used to impeach Mr. Wiggins's credibility and material relevant to Mr. Wiggins's bias toward the government.

The government concedes that Mr. Wiggins "may receive some benefit from the government in terms of a downward departure motion" because he provided the undisclosed information that the government now seeks to hide from Mr. Smitherman. Such a downward departure motion is warranted only when a defendant provides substantial assistance in the investigation and prosecution of another. Thus, the undisclosed information necessarily relates to criminal misconduct.

Mr. Wiggins was aware of the misconduct such that he was able to assist the government with the investigation and prosecution. He, therefore, either participated in the conduct, or he knew of the conduct but failed to report it to the

5

government prior to the investigation of his own conduct. Participation in additional criminal conduct and/or failing to report criminal conduct (misprison of felony under 18 U.S.C. § 4) constitutes a specific instance of misconduct relevant to Mr. Wiggins's credibility.  See Fed.R.Evid. 608(b).  Rule 608(b) "allows a party to attack the credibility of a witness by cross-examining him on specific instances of past conduct."  Whitmore, 359 F.3d at 618.  Such cross-examination is not limited to conduct that leads to a criminal conviction.  Id.  Cross-examination regarding specific instances of past conduct is permissible if it is "probative of the witness's character for truthfulness."  Id.  Here, Mr. Wiggins's past criminal conduct – whether it is the participation in a criminal scheme or the failure to report such a scheme – is probative of his character for truthfulness.  See Id. at 621-22 (reversing conviction for failure to permit cross-examination regarding suspended driver's license, failure to pay child support and prior untruthful statements made under oath).

Moreover, if Mr. Wiggins participated in this undisclosed criminal conduct, but will not be prosecuted for it because of his cooperation, Mr. Smitherman is entitled to cross-examine him about the conduct in order to inform the jury of the full extent of the benefit he is receiving for his cooperation.  Such benefits demonstrate bias toward the government and give

Mr. Wiggins a motive to lie in Mr. Smitherman's trial in order to curry favor with the government to avoid further prosecutions. See Fed. R. Evid. 404(b). Even if Mr. Wiggins claims he did not participate in the undisclosed misconduct, the nature of the investigation should be disclosed to permit defense counsel to investigate to determine if Mr. Wiggins, in fact, participated in this conduct. If he participated in the conduct, but has convinced the government he did not, again the defense should be permitted to present to the jury the full extent of the benefit Mr. Wiggins is receiving for his cooperation. If he did not participate in the conduct, he nonetheless may have been guilty of misprison of a felony for failing to report the conduct prior to the investigation of his own illegal conduct, and the unprosecuted misprison of a felony also would be relevant to the extent of the benefit of his cooperation.

Mr. Wiggins, as a result of the misconduct, "may harbor a desire to curry favor" with the government. Carrillo v. Perkins, 723 F.2d 1165, 1169 (5th Cir. 1983). The fact that he was "never charged with the offense does not diminish the constitutional significance of this evidence." Id. Wiggins's "vulnerability to prosecution" may make him "wish to assist" the government, which might "persuade[]" the jury "that this motivation compromised his credibility." Id. at 1169-70.

Mr. Smitherman is entitled to the disclosure and use of this

information.  If, as the government asserts, information
regarding the nature of this investigation cannot be disclosed
without compromising the unrelated investigation, then Mr.
Smitherman's trial should be continued until after the
investigation is concluded and can be disclosed.  Mr. Smitherman
has no objection to such a continuance.

## II.  THE COURT SHOULD PERMIT CROSS-EXAMINATION OF CHARLES WIGGINS REGARDING HIS 1983 FELONY CONVICTION FOR THEFT OVER $300.00.

The government also seeks to limit the cross-examination of
Wiggins regarding his prior conviction.  On March 30, 1983,
Mr. Wiggins was convicted of theft.  The offense arose out of an
incident that occurred on February 23, 1981.  Mr. Wiggins
originally was charged with robbery with a deadly weapon,
robbery, felony assault with intent to disable, theft over
$300.00, false imprisonment, and assault and battery.  Pursuant
to an agreement with the State of Maryland, Mr. Wiggins pled
guilty to theft and the State dismissed the original charges.  He
was sentenced to 18 months incarceration; the sentence was
suspended, and he was place on five years unsupervised probation.

Federal Rule of Evidence 609 provides:

> (a) General rule.  For the purpose of
> attacking the credibility of a witness,
> (1) evidence that a witness other than
> an accused has been convicted of a crime
> shall be admitted, subject to Rule 403, if
> the crime was punishable by death or
> imprisonment in excess of one year under the
> law under which the witness was convicted,
> and evidence that an accused has been

8

convicted of such a crime shall be admitted
if the court determines that the probative
value of admitting this evidence outweighs
its prejudicial effect to the accused; and
        (2) evidence that any witness has been
convicted of a crime shall be admitted if it
involved dishonesty or false statement,
regardless of the punishment.
        (b) Time limit.  Evidence of a
conviction under this rule is not admissible
if a period of more than ten years has
elapsed since the date of the conviction or
of the release of the witness from the
confinement imposed for that conviction,
whichever is the later date, unless the court
determines, in the interests of justice that
the probative value of the conviction
supported by specific facts and circumstances
substantially outweighs its prejudicial
effect.  However, evidence of a conviction
more than 10 years old as calculated herein,
is not admissible unless the proponent gives
to the adverse party sufficient advance
written notice of intent to use such evidence
to provide the adverse party with a fair
opportunity to contest the use of such
evidence.

Although Mr. Wiggins's conviction occurred more than ten

years ago, it is admissible because "the probative value of the

conviction supported by specific facts and circumstances

substantially outweighs its prejudicial effect."  Without

disclosing the original charges against Mr. Wiggins and without

analysis, the government simply asserts that Mr. Smitherman

cannot demonstrate that Mr. Wiggins's conviction is admissible

under this standard.  The facts and circumstances of

Mr. Wiggins's prior conviction demonstrate otherwise.

Impeachment with prior convictions "is a prototypical form of

cross-examination, even if it goes only to the witness's credibility." <u>Vasquez v. Jones</u>, 496 F.3d 564, 571 (6th Cir. 2007).

Although Mr. Wiggins was permitted to plead guilty in the Maryland case to the offense of theft, he originally was charged with very serious offenses – robbery with a deadly weapon, felony assault with intent to disable, false imprisonment, and assault and battery. Mr. Wiggins is sixty-four years old. Before this Court he pled guilty to the payment of bribes and admitted that he stole thousands of dollars from the District of Columbia Public Schools. His prior conviction demonstrates that he is not a man who led a long, law-abiding life until the instant offense – it reveals that this is a man who has a history of criminal conduct and, therefore, is not credible.

## Conclusion

For the foregoing reasons, the Court should not limit the cross-examination of Mr. Wiggins as the government requests. Instead, the Court should permit cross-examination of Mr. Wiggins regarding his prior conviction and should require the government to disclose to the defense the full extent of Mr. Wiggins's provision of information to the government and permit full cross-examination regarding the cooperation. If the disclosure of the complete nature of Mr. Wiggins's cooperation cannot immediately be made without damage to another investigation, the Court should

continue Mr. Smitherman's trial until such time as full

disclosure without such damage is possible.

Respectfully submitted,

/s/
_____
A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
MARY MANNING PETRAS
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500