UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-284 (JDB) |
| | : | |
| v. | : | |
| | : | |
| GEORGE W. SMITHERMAN, JR., | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO
THE GOVERNMENT'S MOTIONS *IN LIMINE* REGARDING
CROSS-EXAMINATION OF WITNESS CHARLES WIGGINS (DKT. NO. 31)**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this reply to defendant George W. Smitherman's opposition to the government's motions *in limine* regarding the cross-examination of witness Charles Wiggins. Dkt. No. 31. Defendant opposes the government's motion to limit the cross-examination of Mr. Wiggins as to his cooperation with the government and as to a conviction of Mr. Wiggins that occurred more than 19 years ago. For the reasons discussed more fully below, as well as its prior pleadings, the United States respectfully requests that the Court grant its motions.

### A. Factual Background

1. On October 15, 2007, the government filed a motion *in limine* regarding the expected cross-examination of government witness Charles Wiggins relative to his cooperation with the government in this and other matters. The government also submitted, *ex parte* and under seal, an addendum to that motion with information to the Court of Mr. Wiggins' cooperation.

2. On October 29, 2007, the government filed, *ex parte* and under seal, a supplemental addendum to its motion discussed in paragraph #1, immediately above.

3. On October 29, 2007, the government also filed a motion *in limine* to exclude impeachment of Mr. Wiggins by evidence of a prior conviction pursuant to Fed. R. Evid. 609(b).

4. On November 14, 2007, defendant filed an opposition to the two government motions *in limine*.

### B. Discussion

Initially, in his motion, defendant cites numerous cases dealing with general propositions regarding <u>unreasonable</u> limitations on cross-examination. Dkt. No. 31 at 2-4. On the other hand,

> [t]he Confrontation Clause "does not bar a judge from imposing reasonable limits on a defense counsel's inquiries." <u>United States v. Derr</u>, 990 F.2d 1330, 1334 (D.C. Cir. 1992). District Court's "enjoy[] wide discretion to control cross-examination." <u>Harbor Ins. Co. Schnabel Found. Co., Inc.</u>, 946 F.2d 930, 935 (D.C. Cir. 1991), <u>cert. denied</u>, 504 U.S. 931 . . . . Accordingly, "Confrontation Clause violations are found primarily where defendants have been given <u>no</u> realistic opportunity to ferret out a potential source of bias." <u>United States v. Derr</u>, 990 F.2d at 1334 (citing <u>Delaware v. Van Arsdall</u>, 475 U.S. 673 . . . (1986) (emphasis in original); <u>see also</u> <u>Delaware v. Fensterer</u>, 474 U.S. 15, 20 . . . (1985) ("Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defendant may wish.").

<u>United States v. Lin</u>, 101 F.3d 760, 767 (D.C. Cir. 1997).[1] That is all the government is requesting here. It is not asking that Mr. Wiggins not be effectively cross-examined. It is simply requesting

---

[1] Defendant, in his motion, recognizes that "the Court has the discretion to place reasonable limits on cross-examination. Dkt. No. 31 at 3, citing <u>United States v. Whitmore</u>, 359 F.3d 609, 615 (D.C. Cir. 2004) ("district court nonetheless has considerable discretion to place reasonable limits on a criminal defendant's presentation of evidence and cross-examination of government witnesses [<u>United States v.</u>] <u>Wilson</u>, 160 F.3d [732,] 742 [(D.C. Cir. 1998)]; [<u>United States v.</u>] <u>Graham</u>, 83 F.3d [1466,] 1474 [(D.C. Cir. 1996)]"). He notes, however, the caution the Court must exercise as the importance of the witness increases. <u>Id.</u> at 3-4. The government notes here that it does not necessarily agree with defendant's contention that Mr. Wiggins "will be central to the jury's decision." <u>Id.</u> at 4. It does agree that, because Mr. Wiggins is the one who paid defendant, that his testimony is important.

that reasonable, balanced limitations, within the Federal Rules of Evidence as to relevancy and prior convictions, be put in place.

Regarding Mr. Wiggins cooperation, the government has proposed to the Court, in it *ex parte* submission discussed in paragraph A2 above, a disclosure that it believes will meet, in the balance, the needs of both sides, and the Court, in this matter. That is, defendant will have sufficient information with which to cross-examine Mr. Wiggins regarding any potential bias toward the government without unduly compromising the legitimate interests previously expressed by the government in its pleadings.[2]

With regard to Mr. Wiggins' prior conviction, defendant acknowledges that it is beyond the ten year limit of Fed. R. Evid. 609(b). Dkt. No. 31 at 9. Defendant, instead, attempts to bring this conviction within the exception in that rule, that is, "the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Id. at 9-10. Defendant, however, does not point out any "specific facts and circumstances" that address the purpose of this rule, that is, "attacking the character for truthfulness of a witness."[3] Fed. R. Evid.

---

[2] Defendant speculates in his opposition (the government understands he has not seen the *ex parte* submissions) that the information might involve criminal activity in which Mr. Wiggins wrongfully participated or as to which he failed to report. Dkt. No. 31 at 6. The government's review of the information (including by the law enforcement agents with whom he was cooperating) does not support that speculation, that is, that review does not show it to be activity in which Mr. Wiggins was a criminal participant and the government only knows of the specified activity because Mr. Wiggins did in fact report it to the agents. Finally, the government respectfully declines the defendant's invitation for a continuance to allow whatever investigation might be underway to conclude. See Dkt. No. 31 at 8, 10-11.

[3] Crimes involving dishonesty include forgery, United States v. Agnew, 407 F.3d 193, 197-98 (3rd Cir. 2005); conspiracy and aiding and abetting the passing of counterfeit securities, United States v. Cuozzo, 962 F.2d 945, 948 (9th Cir. 1992), cert. denied, 506 U.S. 978 (1992); passing counterfeit money, United States v. Harris, 738 F.2d 1068, 1073 (9th Cir. 1984); United States v. Noble, 754 F.2d 1324, 1331 (7th Cir.), cert. denied, 474 U.S. 818 (1985); mail fraud, United

609(a).[4]  Absent such a showing, Court should not find this exception to apply to allow this impeachment since the time since the conviction for theft over $300 is substantially beyond the ten-year limit, i.e., approximately 19 ½ years ago, and there has been no showing that the interests of justice <u>substantially</u> outweighs is prejudicial effect, that is, the probative value as to character for truthfulness is very limited.  See United States v. Agnew, 407 F.3d 193, 197-98 (3rd Cir. 2005) (declining to allow impeachment based on a 16-year old forgery conviction, which "of course, involves dishonesty and false statements[,]" where the probative value was small).

### C. Conclusion

For the foregoing reasons, the government respectfully requests that the Court grant its two motions *in limine*.  That is, the government requests that the Court limit the cross-examination of

---

States v. McClintock, 748 F.2d 1278, 1299 (9th Cir. 1984), cert. denied, 414 U.S. 822 (1985); and failure to file tax return, United States v. Wilson, 985 F.2d 348, 351 (7th Cir. 1993).  Acquiring and possessing food stamps is not a crime involving dishonesty.  United States v. Mejia-Alarcon, 995 F.2d 982 (10th Cir.), cert. denied, 510 U.S. 927 (1993).  Receiving stolen property is not automatically a crime involving dishonesty.  United States v. Foster, 227 F.3d 1096, 1100 (9th Cir. 2000).  Nor are shoplifting, burglary, grand theft and bank robbery.  Id.; United State v. Bracken, 969 F.2d 827, 830-31 (9th Cir. 1992).  But even these crimes, covered by Fed. R. Evid 609(a)(2), are still subject to the ten-year limit or the interest of justice exception in Fed. R. Evid. 609(b).  Agnew, 407 F.3d at 197-98.

[4] The rule allows a defendant to impeach with a prior conviction, not prior arrests.  Thus, defendants discussion about what were the original charges, Dkt. No. 31 at 10, as opposed to the one count to which Mr. Wiggins pled guilty, appears irrelevant.  Furthermore, his implication that he will try to use the original charges in that one case to show that Mr. Wiggins "is a man who has a history of criminal conduct[,]" id., is not supported by this rule or the other rules of evidence, e.g., Fed.R.Evid. 403, 404(b) and 608(b), and a somewhat ironic argument for a defense lawyer to make.

Mr. Wiggins as to his cooperation with the government other than as previously set forth and to not allow impeachment of Mr. Wiggins with his 1983 conviction.

    Respectfully Submitted,

    JEFFREY A. TAYLOR
    UNITED STATES ATTORNEY
    D.C. Bar No. 498610

    / s / *Julieanne Himelstein/Daniel P. Butler*
    _____
    JULIEANNE HIMELSTEIN
    Bar No. 417136
    DANIEL P. BUTLER
    Bar No. 417718
    ASSISTANT UNITED STATES ATTORNEYS
    Bar No. 417136
    555 4th Street, N.W., 5TH Floor
    Washington, DC 20530
    (202) 514-8203, (202) 353-9431
    Julieanne.Himelstein@USDOJ.Gov
    Daniel.Butler@USDOJ.Gov