IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-284 (JDB) |
| | : | |
| v. | : | |
| | : | |
| GEORGE W. SMITHERMAN, JR., | : | |
| | : | |
| Defendant. | : | |

**APPLICATION FOR ORDER TO
DISCLOSE RETURNS AND RETURN INFORMATION**

Comes now the United States Attorney for the District of Columbia, pursuant to 26 U.S.C. § 6103(i)(l) & (4), and makes application to the Court for an order directing the Internal Revenue Service (IRS) to disclose to applicant (and others hereinafter named) returns and return information of:

| | |
|---|---|
| Name: | George W. Smitherman, Jr. |
| Address: | xxxxxxxxxxxxxx |
| | xxxxxxxxxxxxxxxxxxxxxxxxxxx |
| SSN: | xxx-xx-xxxx |

which returns and return information are described as those returns and return information for the taxable periods: 2002 and 2003.

In support of its application, applicant alleges and states the following:

(1) There is reasonable cause to believe, based upon information believed to be reliable, that violations of 18 U.S.C. §§ 201(c)(1)(B), 209(a) and 216(a)(2) have been committed. That is, defendant has been indicted by a grand jury charging him with these offenses and trial of those charges is scheduled for December 12, 2007. The nature of the case and the evidence is summarized in that indictment, but involve moneys defendant, then a principal of an elementary school, allegedly

received in late-2002 and early-2003 from an individual allegedly providing goods and services to the school

(2) There is reasonable cause to believe that the returns and return information are or may be relevant to a matter relating to the commission of such acts and crimes. That is, the returns could in fact show the receipt by defendant of the moneys charged in the indictment and could show how defendant treated the moneys, e.g., income, gift, which is relevant to both the government's proof and potential defenses in this case.[1] The returns could also show that defendant failed to report the moneys, which could be evidence of consciousness of guilt.

(3) The returns and return information are sought exclusively for use in a federal criminal investigation or proceeding concerning such acts.

(4) The information sought to be disclosed cannot reasonably be obtained, under the circumstances, from another source.

Applicant further alleges and states that in addition to himself, Assistant United States Attorneys Daniel Butler and Julieanne Himelstein, Howard Sklamberg and Steven Durham, Deputy Chief and Chief, respectively of the Fraud and Public Corruption Section, Mary Patrice Brown, Chief, Criminal Division, James H. Dinan, Deputy Chief, Criminal Division, and Federal Bureau of Investigation Special Agent Julie Lenkart are personally and directly engaged in investigating the above-mentioned violations of 18 U.S.C. §§ 201(c)(1)(B), 209(a) and 216(a)(2) and preparing the matter for trial. The information sought herein is solely for our use for that purpose. No disclosure

---

[1] During the investigation of this matter, defendant provided statements to the FBI agent in which he gave different, sometimes conflicting versions of what was the purpose of the moneys he received. Also, defense counsel has notified the government that she may call an expert witness that "would testify that for the calendar year 2003, the first $11,000 of gifts to any person were not included in the total amount of taxable gifts for that year."

2

will be made to any other person except in accordance with the provisions of 26 U.S.C. § 6103 and 26 C.F.R. § 301.6103(i)-l.

This application is authorized by Jeffrey A. Taylor, United States Attorney.

Therefore, applicant prays that this Court enter an order on this application granting disclosure by the IRS of the returns and return information specified in this application.

Respectfully submitted,

/ s /

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar # 451058
555 4th Street, N.W., 5th Floor
Washington, D.C. 20530
(202) 514-6600