UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v.     : | Criminal No. 06-284 (JDB) |
| : | |
| **GEORGE W. SMITHERMAN, JR.** : | |

**OPPOSITION TO APPLICATION FOR ORDER TO
DISCLOSE RETURNS AND RETURN INFORMATION**

Mr. George W. Smitherman, Jr., through undersigned counsel, opposes the government's Application for Order to Disclose Returns and Return Information, and moves this Honorable Court to deny the application. In support of this opposition, counsel submits the following.

The government seeks Mr. Smitherman's federal tax returns for the tax years 2002 and 2003. "Congress [has] strictly circumscribed the contexts in which Government officers or employees may disclose such information. Unless the disclosure is authorized by a specific statutory exception, [26 U.S.C.] section 6103(a) prohibits it." Mallas v. United States, 993 F.2d 1111, 1120 (4th Cir. 1993).

The government makes its application under § 6103(i)(1) & (4). Such applications may be granted only if:

> (i) there is reasonable cause to believe, based upon information believed to be reliable, that a specific criminal act has been committed,

>       (ii) there is reasonable cause to believe
>       that the return or return information is or
>       may be relevant to a matter relating to the
>       commission of such act, and
>
>       (iii) the return or return information is
>       sought exclusively for use in a Federal
>       criminal investigation or proceeding
>       concerning such act, and the information
>       sought to be disclosed cannot reasonably be
>       obtained, under the circumstances, from
>       another source.

26 U.S.C. § 6103(i)(1)(B). Because there is no reasonable cause to believe that the returns sought by the government would contain relevant information, the government's application should be denied.

The government asserts that there is reasonable cause to believe that the returns may be relevant to the charged offenses. They are not. The government has charged that Mr. Smitherman accepted money from Charles Wiggins and that the money was an illegal gratuity, in violation of 18 U.S.C. § 201(c)(1)(B) and an illegal supplementation of salary, in violation of 18 U.S.C. §216(a)(2). Under the government's theory, the money was ill-gotten gains and would not have been reported on Mr. Smitherman's tax returns. Thus, disclosure of the returns could not provide any evidence relevant to the government's theory.

In fact, the government did not seek the returns until after receiving a notice from the defense regarding a potential expert witness, who would testify that for the calendar year 2003, the first $11,000 of gifts to any person were not included in the

total amount of taxable gifts for that year.  In light of this notice, the government now argues that Mr. Smitherman's tax returns may be relevant to potential defenses.  The government suggests that the requested returns may be relevant because they may demonstrate that Mr. Smitherman failed to report the receipt of this money as a gift and that such a failure would be evidence of a consciousness of guilt.  The government's argument erroneously assumes that gifts must be reported by the person who receives them.  Gifts received are not included in gross income for purposes of the income tax.  See 26 U.S.C. § 102.  Only a person who gives a gift must report the gift to the Internal Revenue Service.  Moreover, such reporting does not occur on income tax returns, but on a separate reporting form, and not all gifts must be reported – only gifts exceeding the limit for the relevant tax year.  See 26 U.S.C. § 2501, 2503.  The receiver of a gift from a domestic source does not, regardless of the amount of the gift, have to report the gift on any form.  According to the government, it is Mr. Smitherman who received the money at issue.  Thus, Mr. Smitherman's returns would not contain a report of this money under either the government's theory of ill-gotten gains or the gift theory the government is presuming may be presented by the defense.

## Conclusion

Because there is no reasonable cause to believe that the returns and return information are or may be relevant to the charged offenses, the government's application should be denied. In the alternative, the Court should conduct an *in camera* review of the returns to determine if they contain any relevant information before disclosing them to the government. See United States v. Praetorius, 451 F.Supp. 371 (D.N.Y. 1978).

Respectfully submitted,

/s/
_____
A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
MARY MANNING PETRAS
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500