UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-284 (JDB) |
| | : | |
| v. | : | |
| | : | |
| GEORGE W. SMITHERMAN, JR., | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO
ITS APPLICATION FOR AN ORDER TO DISCLOSE
RETURNS AND RETURN INFORMATION (DKT. NO. 37)**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this reply to defendant George W. Smitherman's opposition to the government's application for a Court Order to disclose returns and return information of defendant. Dkt. No. 37. Defendant opposes the government's application, claiming the information sought is not relevant to this prosecution or, in the alternative, for the Court to review *in camera* the returns to determine if the information is relevant. For the reasons discussed more fully below, as well as its prior application, the United States contends that the information sought meets the relevancy standard of the applicable statute, and respectfully requests that the Court grant its application.

**A. Factual Background**

1. On September 26, 2006, defendant, a former principal of Moten Elementary School ("Moten") was indicted by the grand jury for receiving three payments ($5,000, $4,000 and $2,000) in late-2002 and early 2003 from a person who provided services to Moten, Charles Wiggins. As a result of the receipt of these payments, defendant was charged with three counts of illegal gratuities and three counts of supplementation of salary.

2. On November 27, 2007, the government filed an application for an Order to disclose returns and return information of defendant. Dkt. No. 33. In is application, the government stated, in relevant part, that:

> There is reasonable cause to believe that the returns and return information are or may be relevant to a matter relating to the commission of such acts and crimes. That is, the returns could in fact show the receipt by defendant of the moneys charged in the indictment and could show how defendant treated the moneys, e.g., income, gift, which is relevant to both the government's proof and potential defenses in this case.[1] The returns could also show that defendant failed to report the moneys, which could be evidence of consciousness of guilt.

3. On December 13, 2007, defendant filed this opposition. Dkt. No. 37. In his motion, defendant asserts that, "[b]ecause there is no reasonable cause to believe that the returns sought by the government would contain relevant information, the government's application should be denied." Id. at 2. Alternatively, defendant asserts "the Court should conduct an *in camera* review of the returns to determine if they contain any relevant information before disclosing them to the government." Id. at 4.

4. The United States now files this reply to defendant's opposition

## B. Discussion

Defendant first contends that the government's application should be denied "[b]ecause there is no reasonable cause to believe that the returns sought by the government would contain relevant information." Dkt. No. 37 at 2. Specifically, he contends that "[u]nder the government's theory, the money was ill-gotten gain and would not have been reported on Mr. Smitherman's tax returns." Id.

---

[1] During the investigation of this matter, defendant provided statements to the FBI agent in which he gave different, sometimes conflicting versions of what was the purpose of the moneys he received. Also, defense counsel has notified the government that she may call an expert witness that "would testify that for the calendar year 2003, the first $11,000 of gifts to any person were not included in the total amount of taxable gifts for that year."

Alternatively, defendant argues that if the money was a gift, he did not have to report it at all. Id. at 3.[2]

In its application in this matter, as is set forth above, the government stated its position as to why, in the words of the statute, "there is reasonable cause to believe that the return or return information is or may be relevant to a matter relating to the commission of such [criminal] act[.]" See 26 U.S.C. § 6103(i)(1)(B)(ii). The statute only requires that the "information . . . may be relevant[,]" which standard is met here. Defendant has given somewhat conflicting statements to the FBI as to what was the character of the money he received from Mr. Wiggins. He initially said the $5,000 cashier's check was a check that Mr. Wiggins asked defendant to cash for him, which he did at the time of the request. In that interview, defendant said the $2,000 personal check was the repayment of a short-term loan that he made to Mr. Wiggins. Subsequently, defendant confirmed that the $5,000 check was one he cashed for Mr. Wiggins the day he received it. When shown by the agent that defendant did not deposit the check until a month-and-a-half later, defendant could not explain why that was so. He also said he could not explain a $3,000 deposit at the same time as the $5,000 check deposit (the $3,000 arose from the $4,000 cashier's check, minus $1,000 cash that was withdrawn by defendant). Defendant then said he referred Mr. Wiggins to other school principals, but the money was not for that. Finally, defendant said the money might have been a retirement gift. There is sufficient question as to the character of the money in this matter to state that there is reasonable cause to believe the returns or return information may be relevant to the criminal charges in this case.

---

[2] This position on the tax consequences of gifts is somewhat different than that taken by defendant in his notice to the government of a potential expert witness. See n. 1, above.

Furthermore, even though the money defendant received could be classified as ill-gotten gains, it still would be income to him that would need to be reported. See, e.g., United States v. Pomponio, 429 U.S. 10, 13 n. 4 (1976) (alleged loan, with no intention to repay, would be taxable income); United States v. Anderson, 809 F.2d 1281, 1288 (7th Cir. 1987) (money obtained through bribery was taxable income); United States v. Cody, 722 F.2d 1052, 1061 (2nd Cir. 1983), cert. denied, 467 U.S. 1226 (1984); (taxable income generated by union officials through extortion, kickbacks and acceptance of valuable services); United States v. St. Pierre, 377 F. Supp. 1063 (S. D. Fla. 1974), aff'd mem., 510 F.2d 383 (5th Cir. 1975) (gratuities received by government employee was taxable income); Capone v. United States, 56 F.2d 927 (7th Cir.), cert. denied, 286 U.S. 553 (1932) (notorious mobster convicted of tax violations for failing to report his ill-gotten gains).

Defendant made an alternative request, that is, *"in camera* review of the returns to determine if they contain any relevant information before disclosing them to the government." Dkt. No. 37 at 4. Defendant cites United States v. Praetorius, 451 F. Supp. 371 (E.D.N.Y. 1978), in support of this request.

In Praetorius, however, the court acknowledged that "[t]he statute [26 U.S.C. § 6103] does not by its terms provide for in camera inspection of the requested material to determine its probative value." Id. at 372. Nevertheless, the court found "that such in camera review inspection is necessary to effectuate the purpose of the statute." Id.

The 29-year old decision in Praetorius from the Eastern District of New York is clearly not binding on this Court, does not appear to have been followed by any other District Court, and, as that court acknowledged in its decision in Praetorius, the statute does not explicitly require what the court required in that case, that is, *in camera* review. Accordingly, the government would request that the

Court not follow that decision here. Instead, once the returns and return information are provided to the government, the parties can argue then about the relevancy and admissibility of whatever evidence the returns show and the Court can rule on its admissibility at that time. Moreover, the proposed Order limits disclosure of the information to certain designated persons and provides "that no disclosure be made to any person except in accordance with the provision of 26 U.S.C. § 6103 and 26 C.F.R § 301.6103(i)-1." These limitations address, at least in part, the balancing of interests with which the court was concerned in <u>Praetorius</u>, 471 F. Supp. at 373 ("balance the investigative need for the materials with taxpayers' privacy interest").

### C. Conclusion

For the foregoing reasons, as well as those in the initial application, the government respectfully requests that the Court grant its application for an Order to disclose returns and return information of the defendant for 2002 and 2003..

        Respectfully Submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY
        D.C. Bar No. 498610

        / s / *Julieanne Himelstein/Daniel P. Butler*

        JULIEANNE HIMELSTEIN
        Bar No. 417136
        DANIEL P. BUTLER
        Bar No. 417718
        ASSISTANT UNITED STATES ATTORNEYS
        Bar No. 417136
        555 4th Street, N.W., 5TH Floor
        Washington, DC 20530
        (202) 514-8203, (202) 353-9431
        Julieanne.Himelstein@USDOJ.Gov
        Daniel.Butler@USDOJ.Gov