UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

GEORGE W. SMITHERMAN, JR.,

Defendant.

Criminal No. 06-284 (JDB)

FILED
MAR 1 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### ORDER

Upon consideration of [23] the government's motion in limine regarding cross-examination of witness Charles Wiggins, defendant's motion to compel disclosure, the parties' memoranda, applicable law, and the entire record herein, it is hereby

**ORDERED** that the government's motion in limine is **DENIED**; it is further

**ORDERED** that defendant's motion to compel disclosure is **GRANTED IN PART** and **DENIED IN PART**; it is further

**ORDERED** that the government shall produce to the defense, to the extent that such information exists, information regarding any and all benefits received by Wiggins from the government in addition to the $41,450.02; the case number of any matter in which Wiggins was called as a government witness; and any transcripts in the possession of the government of testimony by Wiggins as a cooperating witness. Although the government has already indicated that it is unaware of any such information, the government shall confirm that fact in response to this order. It is further

**ORDERED** that the government shall produce to the defense all records of financial payments and other benefits extended to Wiggins; it is further

**ORDERED** that the government shall produce to the defense a list of all criminal and

-2-

civil cases (including case number and jurisdiction) for which Wiggins provided information or assistance to the government from 1982 through 1999. Based upon the parties' filings, and the acknowledgment of Wiggins's past work as a confidential source, it does not appear that the mere disclosure of this information to the defense will present any additional danger to Wiggins, although further information relating to post-2006 assistance need not be provided because of the threat to any ongoing investigations or to Wiggins. And it is further

**ORDERED** that the government need <u>not</u> produce to the defense any information provided by Wiggins since 2006 if the information is unrelated to the government's investigation and prosecution of George Smitherman or Lorelle Dance; any information and/or reports regarding the circumstances that led Wiggins to become a confidential source in 1982-1999 or 2006; or the substance of the information Wiggins provided (or the work he did) in exchange for the $41,450.02 he received from the FBI. The Court concludes that defendant is not entitled, under <u>Brady</u>, <u>Giglio</u>, or otherwise, to the substance of the information Wiggins may have provided or to additional information regarding the "circumstances" that led him to do so.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Date:   March 10, 2008