UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 06-284 (JDB) |
| | : | |
| **v.** | : | |
| | : | |
| **GEORGE W. SMITHERMAN, JR.,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following proposed set of voir dire questions:

1. The defendant, George W. Smitherman, Jr., has been charged in an indictment. An indictment is just the formal way of informing a defendant of the nature of the charges against him or her. You are not to consider the indictment as any indication of guilt. In a criminal trial, every defendant is presumed to be innocent; this presumption remains with him or her throughout the trial, unless and until he or she is proven guilty beyond a reasonable doubt. The burden of proving him or her guilty beyond a reasonable doubt rests with the government – the prosecutor – and the burden never shifts during the course of a trial; a defendant need not prove his or her innocence or produce any evidence, or testify. Now, those principles of law will underlie the trial of this case. Is there anyone who feels that he or she will be unable to follow those principles of law if selected as a juror in this trial?

2. If it should come to pass after you have heard all the evidence, the arguments of the lawyers, and my instructions in the law – if you are then persuaded by the trial itself that the defendant is guilty of one or more of the charge beyond a reasonable doubt, then it would be your duty to vote guilty as to that charge or charges. Is there anyone who feels that he or she would be

unable to carry out that duty?

    3. On the other hand – after you have heard all of the evidence, the arguments of the lawyers, and my instructions in the law – if you then have a reasonable doubt as to the defendant's guilt of one or more of the charges, you must vote not guilty as to that charge or charges. Is there anyone who feels that he or she could not carry out this responsibility?

    This is a criminal trial in which Mr. Smitherman is charged by indictment with three counts of receipt of gratuities by a public official and three counts of supplementation of salary. These charges involve money received by the Mr. Smitherman while he was employed as the principal of Moten Elementary School in Southeast Washington, D.C. The indictment alleges that between December, 2002 and January, 2003, Mr. Smitherman received payments in the total amount of $11,000 for and because of an official act performed or to be performed by Mr. Smitherman or as compensation for Mr. Smitherman's services as the principal of Moten Elementary School.

    4. Does any member of the panel know anything about this case? Have you heard about it in the media, from others, or some other source?

    5. Is there anything about the kind of charges in this case that would prevent you from rendering a fair and impartial verdict if you were selected to be a juror in this case? If yes, explain.

    6. Does anyone live or work near, or have any special familiarity with Moten Elementary School?

    7. The government is represented by Assistant United States Attorneys Julieanne Himelstein and Renata Cooper. Do any of you know either of the government attorneys or have you ever served on a jury or a grand jury in a case in which either was the government's lawyer? The government will be assisted by Jeannie Lattimore-Brown, a paralegal with the United States Attorney's Office,

and by Julie Lenkart, a Special Agent with the Federal Bureau of Investigation. Does anyone know or recognize Ms. Lattimore-Brown or Agent Lenkart?

8. The defendant is represented by A. J. Kramer and Mary Manning Petras of the Federal Public Defender Service. Does anyone know or recognize Mr. Kramer or Ms. Petras?

9. The defendant's full name is George W. Smitherman, Jr. Do any of you know Mr. Smitherman in any capacity?

10. Does any member of the panel know me or any other members of the panel, for example from work, school, socially, prior jury service or one's neighborhood?

11. The government may call the following witnesses during the trial: [Please refer to Government's List of Proposed Witnesses]. Does anyone recognize any of these potential witnesses?

12. [Defendant's witnesses] The defense is not required to call witnesses because they do not have the burden of proof. Do any of you know any of the witnesses that have just been introduced to you?

13. In this case, one or more agents from the Federal Bureau of Investigation, the District of Columbia Office of Inspector General, or perhaps other federal or local law enforcement agencies may be called as witnesses. Has anyone had any dealings with members of the FBI or the D.C. Office of Inspector General? Please describe. Would any of you be inclined to give either greater or lesser weight to the testimony of these agents or officers simply because he or she is a law enforcement official affiliated with these agencies?

14. Are you, or is any member of your immediate family, or any close friends currently or previously employed by a law enforcement agency? Law enforcement agencies include, other than those already mentioned, any police department, in or outside the District, special police officers,

prosecutors' offices, U.S. Attorney's Office, D.C. Attorney General's Office, formerly known as the D.C. Corporation Counsel, correctional officers, Department of Justice, U.S. Marshals Service, Sheriff's Departments, U.S. Secret Service, the Federal Bureau of Investigation, the Metropolitan Police Department, probation office, parole office, D.C. Superior Court and the U.S. District Court?

15. Are you, or any of your relatives or close friends, currently employed by, or were you or any of your relatives or close friends previously employed by, a criminal defense lawyer, a public defender's office, or involved in any way in the defense of a criminal case?

16. You may hear from one or more witnesses who will be called as an expert witness. An expert witness, unlike regular witnesses, is allowed to state their opinion about a particular subject matter. However, you are not obliged to accept the expert's opinion. Are there any of you who believe that because a person is qualified as an expert, his or her opinion is more credible than any other witness?

17. In the course of this case, you may hear testimony from one or more witnesses who have pled guilty to a crime and agreed to cooperate with the government. Will you reject out of hand such a witness' testimony simply because he or she has pled guilty and is cooperating with the government?

18. Have any of you ever been involved in working with individuals who are on probation, incarcerated in jails or prisons, or ex-offenders who have been released into the community following a period of imprisonment or jail detention?

19. Have any members of the panel, or any of your close friends or relatives, either studied law or received legal training? Have any members of the panel, or any of your close friends or relatives, ever worked for a lawyer or a law firm in any capacity, including for example as a legal

assistant or investigator? If so, what areas of law have you or they practiced, studied, or received training in? Would this experience affect your ability to follow the judge's instructions of law?

20. Has any member of the panel ever served on a Grand Jury?

21. Has any member of the jury panel ever served as a juror in a criminal case in a federal court, a District of Columbia court or in a court located in some other state? If so, when, what type of case, and was the jury able to reach a decision? Was there anything about your prior jury experience that would lead you to feel more favorable to one side or the other in this case?

22. Do any of you now belong, or have you within the past five years belonged to or participated in any crime prevention groups, such as neighborhood watch organizations, orange hat groups, or any other crime prevention groups?

23. Have any of you, any members of your family, or any close friends, had an experience with the police, or with any person associated with or employed by the United States Attorney's Office, the Court or the Federal Public Defender's Office that would make it difficult for you to be a fair or impartial juror in this case?

24. Has any member of the panel, or a close friend or relative, been a witness to a crime, a victim of a crime, or charged with a crime?

25. Has any member of the panel, or a close friend or relative, ever been the victim of or a witness to the same or similar type of crime as the crime charged in this case, or has any member of that group been arrested, charged with a crime, of found guilty or gone to jail for the same or a similar type of crime as the one charged in this case?

26. Has any member of the panel, or a close friend or relative, ever been the victim of or a witness to what you would consider to be public corruption, or has any member of that group been

arrested, charged with a crime, of found guilty or gone to jail for what you would consider to be public corruption?

27. Have any of you, any members of your family, or any close friends been either a victim of, a witness to, or arrested or convicted of any crime that has so affected you that it could interfere with your ability to be fair and impartial in this case?

28. Do any of you have strong feelings about public corruption?

29. Has any member of the panel, or a close friend or relative, been a plaintiff or a defendant in any civil or criminal court case?

30. There are two types of evidence, direct evidence and circumstantial evidence. The law makes no distinction between the weight you should give either kind of evidence, nor does circumstantial evidence require a greater degree of certainty than direct evidence. Is there any member of jury panel that has any difficulty understanding and applying this rule?

31. The defendant has been charged in six separate counts. Can you decide each offense independently based on the evidence that relates to that offense? Would you feel that you have to convict or acquit a defendant of one offense merely because you convicted or acquitted the defendant of another offense?

32. Lawyers have an obligation to raise objections; will you hold this against them?

33. To reach a verdict, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors. In the final analysis, however, you must follow your own conscience and be personally satisfied with any verdict. Would any of you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors? Do any of you feel that you will lack the ability or willingness to engage

in discussions about the case during deliberations? Do any of you feel that you will lack the ability to make your own independent decision in this case about the defendant's innocence or guilt?

34. I expect that this case will take approximately one week to try. Does anyone have any pressing commitment that would make sitting on this jury an extreme hardship?

35. Does anyone have any type of medical, psychological or medication problem that would make sitting on this jury an extreme hardship?

36. Do any of you have any problems either hearing or seeing?

37. Do you have any problems understanding, speaking or reading English?

38. Does any member of the panel have any moral, religious, or other beliefs that would make it difficult for you to pass judgment on another human being in this case?

39. Is there any member of the panel who, for any reason, believes that they could not participate in jury deliberations and render a fair and impartial verdict in this case?

Respectfully Submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No. 498610

/ s / *Julieanne Himelstein/Renata Cooper*
JULIEANNE HIMELSTEIN
Bar No. 417136
RENATA COOPER
Bar No.
ASSISTANT UNITED STATES ATTORNEYS
555 4th Street, N.W., 4TH Floor
Washington, DC 20530
(202) 514-8203, (202) 307-0031
Julieanne.Himelstein@USDOJ.Gov
Renata.Cooper@USDOJ.Gov