# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 06-284 (JDB)** |
| | : | |
| **v.** | : | |
| | : | |
| **GEORGE W. SMITHERMAN, JR.,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States respectfully requests that the Court, at the conclusion of the evidence in this case, provide the standard criminal jury instructions simply listed below by number from the "Redbook," as well as the instructions which are set forth below in full as to the elements of the offenses charged against defendant George W. Smitherman, Jr., as well as some other issues:

## A.  STANDARD INSTRUCTIONS[1]

\#      Description

1.     Notetaking by Jurors 1.02

2.     A Juror's Recognition of a Witness or Other Party Connected to the Case 1.22

3.     Question Not Evidence 1.07

4.     Evaluation of Prior Inconsistent Statement of a Witness (If Applicable) 1.10

5.     Evaluation of Prior Consistent Statement of a Witness (If Applicable) 1.11

6.     Impeachment of Defendant – Proof of Conviction of a Crime (If Applicable) 1.13

7.     Function of the Court 2.01

8.     Function of the Jury 2.02

9.     Jury's Recollection Controls 2.03

---

[1]  These instructions are taken from the Bar Association of the District of Columbia's Criminal Jury Instructions ( 4th ed. rev. 2007) (commonly referred to as the "Redbook").

10.    Evidence in Case – Judicial Notice, Stipulations, Depositions 2.04

11.    Statements of Counsel  2.05

12.    Indictment not Evidence 2.06

13.    Inadmissible and Stricken Evidence 2.07

14.    Burden of Proof – Presumption of Innocence 2.08

15.    Reasonable Doubt 2.09

16.    Direct and Circumstantial Evidence 2.10

17.    Credibility of Witnesses 2.11

18.    Nature of Charges Not to Be Considered 2.14

19.    Witness with a Plea Agreement 2.22A

20.    Right of Defendant Not to Testify (If Applicable) 2.27

21.    Defendant as Witness (If Applicable) 2.28

22.    False or Inconsistent Statement by Defendant 2.29

23.    Statements of Defendant – Substantive Evidence 2.48

24.    Defendant's Statements – Corroboration 2.49

25.    Other Crimes Evidence 2.51

26.    Evidence of Other Crimes Admitted to Show Intent/Absence of Mistake 2.51B

27.    Multiple Counts – One Defendant 2.52

28.    Selection of Foreperson 2.71

29.    Exhibits During Deliberations 2.73

30.    Possible Punishment Not Relevant 2.74

31.    Communication Between Court and Jury During Jury's Deliberations 2.75

32.    Furnishing the Jury With a Copy of the Instructions 2.76

33.    Proof of State of Mind 3.02

34.    "On or About" – Proof of 3.07

## B. SPECIFIC INSTRUCTIONS AS TO ELEMENTS

1.    Receiving an Illegal Gratuity by a Public Official, in violation of 18 U.S.C.
      § 201(c)(1)(B) – Counts One through Three

### The Nature of the Offense Charged

Counts One through Three of the indictment charge that from in late-December of 2002 and early-January of 2003, in the District of Columbia, defendant Smitherman, a public official, in a continuing course of conduct, otherwise than as provided by law for the proper discharge of official duties, directly and indirectly did demand, seek, receive, accept, and agree to receive and accept something of value from Charles Wiggins personally for and because of an official act performed or to be performed by defendant Smitherman, that is, approving District of Columbia Public School ("DCPS") work and payments to Wiggins Telecommunications and shell company Motts Sales and Service for goods and services allegedly provided to Moten Elementary School, and ensuring continuing and lucrative business for Wiggins with DCPS. O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 27.04 (5th ed.) (bribery instruction modified to address the gratuity provision of the same statute).

### The Statute Defining the Offense Charged

Section 201(c)(1)(B) of Title 18 of the United States Code provides, in part, that:

(c)  Whoever--

       (1) otherwise than as provided by law for the proper discharge of official duty

3

> (B) being a public official [or] former public official . . .
> otherwise than as provided by law for the proper discharge of
> official duty, directly or indirectly demands, seeks, receives,
> accepts, or agrees to receive or accept anything of value
> personally for or because of any official act performed or to
> be performed by such official or person [shall be guilty of an
> offense against the United States].

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 27.05 (5th ed.) (bribery instruction

modified to address the gratuity provision of the same statute).

The Essential Elements of the Offense Charged

In order to sustain its burden of proof for the crimes charged in Counts One through Three

of the indictment, the government must prove the following three (3) essential elements beyond a

reasonable doubt:

*One:*   Defendant Smitheman was a public official or former public official;

*Two:*   Defendant Smitherman directly or indirectly demanded, sought, received, accepted
or agreed to receive or accept something of value personally; and

*Three:* Defendant Smitherman did so for or because of an official act performed or to be
performed by defendant Smitherman.

See Pattern Criminal Jury Instructions, 10th Cir. 2.14 (2006); Pattern Criminal Jury Instructions, 5TH

Cir. 2.15 (2001); Model Criminal Jury Instructions, 8th Cir. 6.18.201F (2007); see also O'Malley,

Grenig & Lee, Federal Jury Practice and Instructions § 27.06 (5th Ed.); Model Criminal Jury

Instructions, 9th Cir. 8.13 (2003).

"Public Official"  Defined

As used in these instructions, the term "public official" means an officer or employee or

person acting on behalf of the United States, or any department, agency or branch of the government

thereof, including the District of Columbia, in any official function, under or by authority of any such

4

department, agency, or branch of government.  See 18 U.S.C. § 201(a)(1); (defining "public official"); see also O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 27.07 (5th ed.) (modified to exclude excess language and to add District of Columbia).

## "Official Act"  Defined

The term "official act" means any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity, or in such official's place of trust or profit.  The term "official act" includes the decision or actions generally expected of the public official in his or her official position.  An official act can be an affirmative act or it can be failure to act where action would have been the appropriate response by an official or employee in that position.  The term "official act" addresses those decisions that the government actually makes, such as decisions regarding whether a person should receive a government contract or benefit, and if so, for how much."  See 18 U.S.C. 201(a)(3) (defining the term "official act"); see also O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 27.08 (5th ed.) (last sentence omitted in light of United States v. Valdes, 475 F.3d 1319, 1325 (D.C. Cir. 2007));  United States v. Ahn, 231 F.3d 26, 31-33 (D.C. Cir. 2000).

## "Anything of Value"  Defined

The phrase "anything of value" means any item, whether tangible or intangible, that the person giving or offering or the person demanding or receiving considers to be worth something. The phrase "anything of value" includes a sum of money, favorable treatment, a job, or special consideration. See O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 27.10 (5th ed.).

<u>"For or Because of an Official Act Performed or to Be Performed" Defined</u>

In order to establish a violation of this statute, the government must prove a link between a thing of value conferred upon a government employee and a specific official act "for or because of" which it was given. It is not enough to show that a gratuity was given to the public official simply because of his or her official position. An illegal gratuity can take one of three forms: (1) a reward for past action; (2) an enticement to maintain a position already taken; or (3) an inducement to take or refrain from some future official action. <u>See</u> <u>United States v. Sun Diamond Growers of California</u>, 526 U.S. 398, 414 (1999); <u>United States v. Ahn</u>, 231 F.3d 26, 31-33 (D.C. Cir. 2000); <u>United States v. Schaffer</u>, 183 F.3d 833, 841-42 (D.C. Cir. 1999).

    2.    <u>Illegal Supplementation of Salary, in violation of 18 U.S.C. §§ 209(a) and 216(a)(2) – Counts Four through Six</u>

<u>The Nature of the Offense Charged</u>

Counts Four through Six of the indictment charge that on or about the respective dates set forth in that count, in the District of Columbia, defendant Smitherman, an officer or employee of the District of Columbia, willfully received, from a source other than the Government of the District of Columbia (that is, from Charles Wiggins) a contribution to or supplementation of his salary as compensation for his services as the principal of Moten Elementary School. <u>See</u> Indictment at 4.

<u>The Statute Defining the Offense Charged</u>

Section 209 of Title 18 of the United States Code provides, in part, that:

    (a) Whoever [willfully] receives any salary, or any contribution to or supplementation of salary, as compensation for his services as an officer or employee

6

of . . . the District of Columbia, from any source other than the Government . . . , except as may contributed out of the treasury of any State, county, or municipality [shall be guilty of an offense against the United States].

See 18 U.S.C. § 209(a) and 216(a)(2).

The Essential Elements of the Offense Charged

In order to sustain its burden of proof for the crime of illegal supplementation of salary, as charged in Counts Four through Six of the indictment, the government must prove the following five (5) essential elements beyond a reasonable doubt:

*One:*    Defendant Smitherman was an officer or employee of the District of Columbia government;

*Two:*    Defendant Smitherman received any contribution to or supplementation of salary;

*Three:* The contribution or supplementation was from a source other than the District of Columbia government;

*Four:*    The contribution or supplementation was given as compensation for defendant's services as an employee of the District of Columbia; and

*Five:*    Defendant Smitherman acted willfully.

18 U.S.C. §§ 209(a) and 216(a)(2); United States v. Raborn, 575 F.2d 688, 691-92 (9th Cir. 1978); United States v. Project on Government Oversight, 531 F. Supp. 2d 59, 60 (D.D.C. 2008); The Informal Advisory Letters and Memoranda and Formal Opinions of the United States Office of Government Ethics, 1979-1988, 85 x 19, at 602; see United States v. Alfonzo-Reyes, 384 F. Supp. 2d 523, 534 (D.P.R. 2005) (evidence tying defendant's receipt of gift of around $10,000 from various cattlemen to his role as loan manager with Farm Services Agency in securing loans and hurricane relief for cattlemen was sufficient to sustain his conviction under 209); see also United States v. Sun-Diamond Growers, Inc., 526 U.S. 398, 408 (1999) (Court, in distinguishing Sections

7

201 and 209, stated that Section 209 "criminalizes the giving or receiving of any 'supplementation' of an Executive official's salary, without regard to the purpose of the payment"); <u>Crandon v. United States</u>, 494 U.S. 152, 164 (1990) ("Congress appropriately enacts prophylactic rules that are intended to prevent even the appearance of wrongdoing and that may apply to conduct that has caused no actual injury to the United States.  Section 209(a) is such a rule").

"Officer or Employee of the District of Columbia"  Defined

The phrase "officer or employee of the District of Columbia" is meant simply to have its common sense meaning.  <u>See generally</u> 5 U.S.C. §§ 2104 and 2105 (defining "officer" and "employee" as those terms apply to United States government personnel).

"Salary, or Any Contribution to or Supplementation of Salary" Defined

The phrase "salary, or any contribution to or supplementation of salary" also is meant simply to have its common sense meaning.  This statute, as opposed to the illegal gratuity statute discussed above, criminalizes the giving or receiving of any supplementation of the salary of an official or employee of the District of Columbia from a source other than the District of Columbia government without regard to the purpose of the payment, such as for or because of an official act.  A government employee is prohibited from accepting a gift or other payment, other than *de minimis* amounts, given because of the employee's official position with the government.  For there to be a violation of this statute, however, the contribution must have been received as compensation for services and those services must have been rendered as an employee of the District of Columbia. The statute applies to both periodic installment payments and one-time, lump-sum payments from the outside source to the government employee.  <u>See United States v. Sun Diamond Growers of California</u>, 526 U.S. 393, 409 (1999); <u>United States v. Project on Government Oversight</u>, 454 F.3d

8

306, 309 (D.C. Cir. 2006); <u>United States v. Project on Government Oversight</u>, 525 F. Supp. 2d 161,

171-74 (D.D.C. 2007); 5 C.F.R. 2635.202; <u>cf.</u> <u>United States v. Muntain</u>, 610 F.2d 964, 969-70 (D.C.

Cir. 1979) ("payment to [defendant] was for services having nothing to do with [government]

business or with any responsibilities [defendant] may have had with Government as an employee of

the United States. . . .   Since the payment of the cost of the Ireland trip bore no relation to

governmental service, there can be no violation of 18 U.S.C. § 209").

<u>"Willfully" Defined</u>

The term "willfully," as used in these instructions to describe the alleged state of mind of

defendant Smitherman, means that he knowingly performed an act or failed to act, deliberately and

intentionally as contrasted with accidently, carelessly, or unintentionally.  <u>See</u> O'Malley, Grenig &

Lee, <u>Federal Jury Practice and Instructions</u> § 17.05 (5th ed.).

**C.  <u>ADDITIONAL SPECIFIC INSTRUCTIONS THAT MAY BE RELEVANT</u>**

1.  <u>Summary Witness Testimony</u>

The testimony of Nick Novak, which summarized various pieces of documentary evidence

and testimony, has been received for the sole purpose of explaining facts disclosed by other

documents admitted as evidence in the case.  The summary testimony is not, in and of itself, proof

of any facts.  The summary testimony is provided only as a matter of convenience.  If, and to the

extent that, this summary testimony does not correctly reflect the facts shown by the evidence you

have heard in this case, then you should give this summary testimony the weight you believe it

deserves.  <u>See</u> <u>United States v. Lemire</u>, 720 F.2d 1327, 1348 & n.32 (D.C. Cir. 1983).

2.  <u>Charts and Summaries</u>

Certain charts or summaries have been shown to you in order to help explain the facts disclosed by the files, records, or other underlying evidence in the case.  Those charts or summaries are used for your convenience.  These charts and summaries are not themselves evidence or proof of any facts.  You should determine the facts from the evidence.

Certain charts and summaries have been received into evidence.  Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence.  You should give them only such weight as you think they deserve. <u>See</u> Fifth Circuit Pattern Jury Instructions (Criminal Cases) 1.43 and 1.44 (2001).

Respectfully Submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No. 498610

<u>/ s / *Julieanne Himelstein/Renata Cooper*</u>
JULIEANNE HIMELSTEIN
Bar No. 417136
RENATA KENDRICK COOPER
Bar No. 424248
ASSISTANT UNITED STATES ATTORNEYS
555 Fourth Street, N.W., Fourth Floor
Washington, DC 20530
(202) 514-8203, (202) 307-0031
Julieanne.Himelstein@USDOJ.Gov
Renata.Cooper@USDOJ.Gov