## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA              :

v.                                    :        CRIMINAL NO. 06-284 (JDB)

GEORGE W. SMITHERMAN                  :

### [REDACTED]
### DEFENDANT'S MOTION FOR DISCLOSURE OF TAX RETURNS

Mr. George W. Smitherman, through undersigned counsel, respectfully moves this Honorable Court to order the disclosure of any tax returns filed on behalf of Charles Wiggins, Wiggins Telecommunications and/or Motts Sales and Services for the tax years 2001, 2002 and 2003, and/or a certification that no such tax returns were filed.    In support of this motion, counsel submits the following.

### Background

Mr. Smitherman is charged with three counts of receipt of gratuities by a public official and three counts of receipt of supplementation of salary.   Specifically, the government alleges that Mr. Smitherman accepted three checks from Charles C. Wiggins, who was a contract employee with the District of Columbia Public Schools ("DCPS").   According to the government, these checks constituted illegal gratuities and illegal supplementation of salary. These allegations stem from an investigation that began in 2003.   As a result of this investigation, government authorities learned that Mr. Wiggins was using his two companies – Wiggins Telecommunications and Motts Sales and Services – to defraud the DCPS of hundreds of

thousands of dollars.  In January, 2004, Mr. Wiggins entered a plea of guilty to one count of

payment of bribes to public officials in violation of 18 U.S.C. § 201(b)(1)(A).  In his plea

agreement, Mr. Wiggins agreed to cooperate with the government in the investigation and

prosecution of others, and the government will call him as a witness in the trial of this matter.

On January 2, 2008, upon the application of the government pursuant to 26 U.S.C. §

6103(i)(1) & (4), the Court issued an order directing the Internal Revenue Service to disclose

returns and return information of Mr. Smitherman for the taxable periods of 2002 and 2003.  The

Court did so over Mr. Smitherman's objection, finding that there was reasonable cause to believe

that the returns and return information are or may be relevant to a matter related to the charged

offenses .

On March 26, 2008, undersigned counsel spoke with Assistant United States Attorney

Julieanne Himmelstein, who represented that the United States Attorney's Office does not have

any of Mr. Wiggins's tax documents within its possession.  In a letter to government counsel

dated June 2, 2008, counsel requested that government counsel obtain from the Internal Revenue

Service and provide to defense counsel any and all tax returns filed on behalf of Charles

Wiggins, Wiggins Telecommunications and/or Motts Sales and Services for the tax years 2001,

2002 and 2003, and/or a certification that no such tax returns were filed.  See Attachment A,

Defense Letter (June 2, 2008).  In response, government counsel indicated that they would not

obtain the records absent "a specific proffer as to what in the requested records would be Brady

material and what obligation the government has to obtain this information."  See Attachment B,

Government Letter (June 4, 2008).  Government counsel, however, noted that tax returns are

equally available to either side in a criminal prosecution by seeking an order directing the IRS to

2

disclose the returns pursuant to 26 U.S.C. § 6103(i)(1)(B)(ii), provided sufficient cause for the disclosure is demonstrated. Id. At the government's suggestion, Mr. Smitherman now seeks an order directing the IRS to disclose the returns, or in the alternative, an order directing government counsel to obtain and disclose the returns.

In support of this application, Mr. Smitherman submits that (1) the government has alleged that there is reasonable cause to believe that violations of 18 U.S.C. §§ 201(c)(1)(B), 209(a) and 216(a)(2) have been committed; (2) there is reasonable cause to believe that the returns are or may be relevant to the trial of the charged offenses -- that is, the returns could show how Mr. Wiggins treated (or failed to treat) the money he illegally obtained from the District of Columbia government, and the failure to report the money would constitute a separate crime for which Mr. Wiggins has not been prosecuted, providing a further reason for him to curry favor with the government; (3) the returns are sought exclusively for use in a federal criminal proceeding; (4) the information sought to be disclosed cannot reasonably be obtained, under the circumstances, from another source; and (5) the returns will be used by undersigned counsel and no others for the sole purpose of defending the charges against Mr. Smitherman, and no other disclosure of these materials will be made.

In addition, for the reasons set forth below, the information sought constitutes exculpatory material that must be disclosed pursuant to Brady . Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150, 154 (1972)).

### *Ex Parte* Proffer

In support of his position that there is reasonable cause to believe that the requested returns (or certification that no returns were filed) are or may be relevant at trial in this matter

3

and that the requested returns (or certification that no returns were filed) constitutes <u>Brady</u> material, Mr. Smitherman submits the following *ex parte* proffer. This portion of Mr. Smitherman's motion will not be submitted for electronic filing or provided to the government because it contains attorney work product and reveals defense strategy.[1]


[REDACTED]


---

[1]The government has been allowed to offer several *ex parte* proffers regarding the cross-examination of Mr. Wiggins.

[REDACTED]

[REDACTED]

[REDACTED]

## Conclusion

For the foregoing reasons, Mr. Smitherman respectfully requests that the Court issue the attached proposed order, directing the Internal Revenue Service to disclose the requested returns or provide a certification that no such returns were filed.  In the alternative, Mr. Smitherman requests that the Court issue the second attached proposed order, directing the government to obtain and disclose the returns.

Respectfully submitted,

/s/

_____

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

_____

MARY MANNING PETRAS
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500