# ATTACHMENT A

**FEDERAL PUBLIC DEFENDER**
DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20004

A. J. KRAMER  
*Federal Public Defender*

TELEPHONE (202) 208-7500  
FAX (202) 208-7515

June 2, 2008

Julieanne Himelstein  
Assistant United States Attorney  
555 Fourth Street, N.W.  
Washington, D.C. 20530

via email

    Re: <u>United States v. George W. Smitherman, Jr.</u>  
       CR 06-284

Dear Ms. Himmelstein:

  When we spoke several weeks ago, you informed me that you do not have within your personal possession any tax documents related to Charles Wiggins. Pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), on behalf of Mr. Smitherman, I now respectfully request that you obtain from the Internal Revenue Service and provide to me any and all tax returns filed on behalf of Charles Wiggins, Wiggins Telecommunications and/or Motts Sales and Services for the tax years 2001, 2002 and 2003, and/or a certification that no such tax returns were filed.

  Please contact me as soon as possible if you have any questions or concerns.

              Sincerely,

              Mary Manning Petras

# ATTACHMENT B



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 4, 2008

Ms. Mary Manning Petras, Esq.
Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004

    Re:    United States v. George W. Smitherman, Jr.,
            Criminal No. 06-284 (JDB)

Dear Ms. Petras:

      This responds to your correspondence dated June 2, 2008, in the above-referenced matter. In your letter, you request that the prosecutors obtain tax returns for Charles Wiggins from the Internal Revenue Service (IRS) for the years 2001, 2002 and 2003. As you know, this case does not involve tax charges or the IRS.

      In your request, other than a general reference to Brady, you have set forth no authority for your request. Before we would be obligated or entitled to obtain these records, we need a specific proffer from you as to what in the requested records would be Brady material and what obligation the government has to obtain this information. See, e.g., United States v. Lochmondy, 890 F.2d 817, 823-24 (6th Cir. 1989) (where prosecutor did not have witness's tax return, Brady did not apply); United States v. Stofsky, 527 F.2d 237, 244 n.7 (2nd Cir. 1975). We need this proffer for at least two reasons. First, we need the proffer in order to trigger on obligation on the government to obtain and provide these records. Second, assuming there is such an obligation, we need such a proffer in order to specify to the IRS, pursuant to the obligations under 26 U.S.C. § 6103(i)(1)(B)(ii), why we are entitled to obtain these records.

      In the alternative, as you know, tax returns are equally available to either side in a criminal prosecution. That is, either side may seek from the Court an Order For Disclosure directing the IRS to disclose those returns. In so doing, however, the party seeking the records must show sufficient cause as to why it would be entitled to such records pursuant to 26 U.S.C. § 6103(i)(1)(B)(ii). Furthermore, we reserve our right to oppose such a request to the Court.

Please feel free to contact me if you have any questions or concerns.

                        Sincerely,

                        JEFFREY A. TAYLOR
                        UNITED STATES ATTORNEY

BY: _____
           JULIEANNE HIMELSTEIN
           ASSISTANT U.S. ATTORNEY
           Federal Major Crimes Section
           Room 4832
           (202) 514-8203