UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 06-284 (JDB) |
| GEORGE W. SMITHERMAN | : | |

**[REDACTED]**
**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR DISCLOSURE OF TAX RETURNS**

In its opposition to Mr. Smitherman's motion for the disclosure of any tax returns filed on behalf of Charles Wiggins, Wiggins Telecommunications and/or Motts Sales and Services for the tax years 2001, 2002 and 2003, and/or a certification that no such tax returns were filed, the government does not dispute that Mr. Smitherman may obtain these documents if he meets the applicable relevancy standard set forth in 26 U.S.C. § 6103. Indeed, in its June 4, 2008, letter to defense counsel, the government specifically stated that "tax returns are equally available to either side in a criminal prosecution." The government, nonetheless, opposes Mr. Smitherman's motion, arguing that he has failed to meet the applicable relevancy standard. Because, as demonstrated by Mr. Smitherman's proffer and the government's prior pleadings, Mr. Smitherman has met the relevancy standard for disclosure of these materials, the Court should grant Mr. Smitherman's motion and sign the attached proposed orders.

As the government has previously noted, the statute authorizing disclosure requires only that the requested material "may be relevant to a matter relating to the commission of [the charged offense.]" 18 U.S.C. § 6103(i)(1)(B)(ii); see also Government's Reply to Defendant's Opposition to Its Application for an Order to Disclose Returns and Return Information, Dkt. No.

38 (Dec. 18, 2007).  Asserting that the defense argument is insufficient, the government quotes Mr. Smitherman's position that "the returns could show how Mr. Wiggins treated (or failed to treat) the money he illegally obtained . . . and the failure to report the money would constitute a separate crime for which Mr. Wiggins has not been prosecuted, providing a further reason for him to curry favor with the government" (GO 2).[1]  Mr. Smitherman's position is strikingly similar to the relevancy argument the government used in its motion filed to obtain Mr. Smitherman's tax returns.   When seeking Mr. Smitherman's returns, the government argued:  "the returns could in fact show the receipt by defendant of the moneys charged in the indictment and could show how defendant treated the moneys, e.g., income, gift, which is relevant to both the government's proof and potential defense in this case.  The returns could also show that defendant failed to report the moneys which could be evidence of consciousness of guilt."  Application for Order to Disclose Returns and Return Information, Dkt. # 37.[2]  Notably, the government's opposition fails to even mention the arguments it used to obtain Mr. Smitherman's tax returns.

After using these arguments to obtain Mr. Smitherman's returns, the government now asserts that Mr. Smitherman's similar proffer is "speculative" and a "fishing expedition" that

---

[1] "GO" refers to the government's opposition.

[2] In response to Mr. Smitherman's objection to the disclosure of his tax returns, the government further stated that Mr. Smitherman had provided somewhat conflicting statements as to the character of the money he received – at one point saying it was a loan and later explaining it was a gift – and argued that disclosure was necessary to determine how the money was treated for tax purposes.  That, however, could not have been the basis for the Court's Order requiring disclosure because Mr. Smitherman would not have been required to report a gift or a loan.  See 26 U.S.C. § 102.  In contrast, the money Mr. Wiggins stole from the District of Columbia Public Schools was income that he would have been required to report.  See, e.g., United States v. Cody, 722 F.2d 1052, 1061 (2d Cir. 1983) (income obtained through extortion taxable).

"lacks the level of relevance" necessary to obtain the records. The Court should reject these arguments. Just as the Court found that the government met the applicable relevancy standard when seeking Mr. Smitherman's tax returns, the Court should find that Mr. Smitherman has met this standard in seeking Mr. Wiggins's returns because how Mr. Wiggins treated the stolen money on his tax returns and whether or not he reported this money, and how he and/or his companies treated the money paid to Mr. Smitherman, is relevant to Mr. Smitherman's defense.

Moreover, Mr. Smitherman has proffered more. As set forth in the un-redacted motion submitted to the Court, Mr. Smitherman has a specific factual basis to believe that the requested information not only is relevant to his defense, but also constitutes exculpatory Brady material.[3] As the government concedes, once the relevancy standard is met, the Court should order the disclosure pursuant to the statute. In addition, because the requested material contains exculpatory information, the government is obligated to provide this information to the defense, independent of the statute.

The lack of merit in the government's opposition is further demonstrated by the three cases it cites. In United States v. Morris, 957 F.2d 1391, 1402 (7th Cr. 1992), the defendants gave no "specific reasons why they believe[d]" they were entitled to material alleged to be Brady material. The court called this a "buckshot approach," and stated that the government did not have to produce a file based on "mere speculation." Id. at 1402-03 (quoting United States v. Navarro, 737 F.2d 625, 631 (7th Cir. 1984)).

---

[3] The government complains that "defendant should not be stating its reasons, ex parte, since a reasoned response is nearly impossible" (GO 2 n.1). Putting aside the fact that the government neither cites authority nor requests any action by the court in this regard, the statement is disingenuous in light of the numerous ex parte presentations by the government aimed at preventing Mr. Smitherman from learning any details of Mr. Wiggins's cooperation.

In United States v. Davis, 752 F.2d 963, 975 (5th Cir. 1985), the defendant complained that the government had failed to disclose exculpatory evidence - - the defendant made "no specific request," but simply asked the prosecutor for any and all exculpatory materials." Id. at 975 n.14. On appeal, he failed to "establish the existence of any exculpatory evidence." Id. at 976. The court, finding this to be an "open-ended request[ ]," and a "fishing expedition" stated that a defendant is not entitled to "access to all government materials in order that he might be able to find something exculpatory." Id.

In United States v. Hubbell, 530 U.S. 27, 32, 45 (2000), the district court referred to the government's grand jury subpoena as "the quintessential fishing expedition," where the government had "no prior knowledge of the existence or whereabouts" of the documents produced in response to the subpoena. The issues in Hubbell related to Fifth Amendment privilege claims from the document production, and whether the privilege applied to "incriminating documents that the Government is unable to describe with reasonable particularity." Id. at 29-30.

Unlike these three cases, Mr. Smitherman has identified precisely the documents - - tax returns, or certification that none were filed - - that he seeks, and the reasons for them. These reasons are even more pertinent than the reasons the government supplied to obtain Mr. Smitherman's tax returns.

Moreover, Mr. Smitherman has exhausted every possible means of obtaining the materials from other sources. At the last court appearance, Mr. Wiggins's wife, Gwendolyn Myers, was present, as she had been subpoenaed to produce the tax returns. Ms. Myers told the parties outside the courtroom that she did not have any of the requested returns.

**[REDACTED]**

**Conclusion**

For the foregoing reasons and the reasons set forth in Mr. Smitherman's motion, the Court should issue the attached proposed order, directing the government to obtain and provide to the defense the requested returns or a certification that no such returns were filed.

Respectfully submitted,

/s/

_____
A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

_____
MARY MANNING PETRAS
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500