**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Criminal Action No. 06-284 (JDB)** |
| **GEORGE W. SMITHERMAN, JR.** | : | |

**DEFENDANT'S OBJECTIONS TO PROPOSED
JURY INSTRUCTIONS AND REQUEST FOR ADDITIONAL INSTRUCTIONS**

Mr. George W. Smitherman, Jr., through undersigned counsel, respectfully submits the following objections to the jury instructions proposed by the Court and requests for additional instructions.

**Instruction 2.08**

**BURDEN OF PROOF – PRESUMPTION OF INNOCENCE (page 13)**[1]

Until the April 2008 revision to the Criminal Jury Instructions for the District of Columbia (hereinafter "Redbook"), the last sentence of this instruction provided: "On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, *you must find* the defendant not guilty."  (Emphasis added).  The April 2008 revision, while noting that the Committee did not intend to make any substantive change to the instruction, altered this sentence, substituting "it is your duty to find," for "you must find," apparently to parallel the language contained in the previous sentence of the instruction regarding the jury's *duty* to convict.  Because – unlike the jury's duty to convict –  it is not simply a duty,

---

[1]The page numbers refer to the proposed instructions circulated by the Court on July 11, 2008.

but an absolute requirement that the jury *must* find Mr. Smitherman not guilty if the government

has not met its burden, Mr. Smitherman requests that in the last sentence of this instruction, the

court substitute the phrase "you must find" for the phrase "it is your duty to find."

### Instruction 2.09

### REASONABLE DOUBT (page 14)

While the D.C. Circuit has found that it was not reversible error to give the reasonable

doubt instruction proposed by the Court, the Circuit has not approved of or endorsed this

instruction.  United States v. Taylor, 997 F.2d 1551, 1558 (D.C. Cir. 1993).  In contrast, the

Circuit has "endorsed an instruction on reasonable doubt virtually identical to the *Redbook*

instruction" and "commended [the instruction] as 'exemplary.'" Taylor, 997 F.2d at 1556

(quoting Moore v. United States, 345 F.2d 97 (D.C. Cir. 1965)).  Mr. Smitherman requests that

the Court give the endorsed, Redbook instruction.

Mr. Smitherman requests that the Court give the full Redbook instruction, and

specifically requests that the following language from the Redbook instruction be included in the

reasonable doubt instruction:

> Reasonable doubt, as the name implies, is a doubt based on reason
> – a doubt for which you have a reason based upon the evidence or
> lack of evidence in the case.  If, after careful, honest, and impartial
> consideration of all the evidence, you cannot say that you are
> firmly convinced of the defendant's guilt, then you have a
> reasonable doubt.
>     Reasonable doubt is the kind of doubt that would cause a
> reasonable person, after careful and thoughtful reflection, to
> hesitate to act in the graver or more important matters in life.

Redbook, Instruction 2.09.

Mr. Smitherman also specifically objects to the inclusion of the phrase "you must find

him guilty." While it may be the jury's "duty" to find Mr. Smitherman guilty, whether or not the

jury does so is a decision solely for the jury.

## Instruction 1.10

## EVALUATION OF PRIOR INCONSISTENT STATEMENT OF A WITNESS (page 19)

In addition to the instruction contained in the proposed instruction (Alternative B),

Mr. Smitherman requests that the Court give Alternative A of the instruction with regard to

Charles Wiggins, who admitted that he had made prior inconsistent statements to Washington

Post Reporter Dan Keating.

## Instruction 1.12

## IMPEACHMENT BY PROOF OF CONVICTION OF A CRIME – WITNESS (page 20)

Charles Wiggins's prior conviction was admitted not only to impeach his credibility, but

also to demonstrate his knowledge of the benefits that may be obtained by cooperating with the

government. Therefore, the word "only" should be deleted form the proposed instruction, and

the following should be added to the instruction:

> You also may consider Mr. Wiggins's prior conviction and
> the circumstances surrounding that conviction as evidence of Mr.
> Wiggins's knowledge of the benefits that may be obtained from
> cooperating with the government in the investigation and
> prosecution of others.

## Instruction 2.26

## LAW ENFORCEMENT OFFICER'S TESTIMONY (page 22)

Because no law enforcement officers have testified, this instruction should be omitted.

3

**Instruction 2.27**

**RIGHT OF DEFENDANT NOT TO TESTIFY (page 24)**

If Mr. Smitherman requests an instruction regarding his right not to testify, such an instruction is required by the Constitution and by statute.  See <u>Carter v. Kentucky</u>, 450 U.S. 288 (1984) (failure to give instruction upon request of defendant constitutional error); <u>Bruno v. United States</u>, 308 U.S. 287 (1939)(failure to give instruction at defendant's request violation of rights under 18 U.S.C. § 3481 and reversible error); 18 U.S.C. § 3481 (defendants competent witnesses but failure to testify "shall not create any presumption against [the defendant]").  If Mr. Smitherman with the advice of counsel, chooses not to testify, the defense does request an instruction, but not the limited instruction now provided in the Redbook.

The April 2008 revision to the Redbook, while not intending to change the contents of the instruction, modified the language of the instruction to simplify it.  However, the modification eliminated critical language that specifically instructed the jury not to consider Mr. Smitherman's failure to testify ("I, therefore, instruct you not to do so"), and added language that instructs the jury that it must not "assume" guilt based on his failure to testify – leaving open the improper suggestion that some inference may be drawn from his failure to testify.  Rather than the limited Redbook instruction, Mr. Smitherman requests the following:

> Every defendant in a criminal case has an absolute right not to testify.  Mr. Smitherman, with the advice of his counsel, has chosen to exercise his right to remain silent.  You must not hold this decision against him.  There are many reasons entirely consistent with innocence for which a person may decide not to testify.  It would be improper for you to speculate as to the reason or reasons for his and his counsel's decision, and I, therefore, instruct you not to do so.  You may not even discuss this matter during your deliberations.  Most importantly, you must not draw

4

any inference of guilt from the decision not to have
Mr. Smitherman testify, because he is presumed innocent and
remains innocent unless and until the government proves guilt
beyond a reasonable doubt.

This proposed instruction is an accurate statement of the law.  In <u>Bruno</u>, the Supreme Court

found that the failure to give similar language constituted reversible error.  <u>Bruno</u>, 308 U.S. at

292  (requested instruction:  "The failure of any defendant to take the witness stand and testify in

his own behalf, does not create any presumption against him; the jury is charged that it must not

permit that fact to weigh in the slightest degree against any such defendant , *nor should this fact*

*enter into the discussions or deliberations of the jury in any manner*.") (emphasis added).  <u>See</u>

<u>also</u> <u>Carter</u>, 450 U.S. at 294 (reversible error not to give requested instruction: "The [defendant]

is not compelled to testify and the fact that he does not cannot be used as an inference of guilt

and should not prejudice him in any way.").

**Instruction 2.22**

**ALLEGED PARTICIPANT'S TESTIMONY (Page 26)**

The April 2008 revision to the Redbook revised this instruction, commenting that the

revision was intend only to simplify the language and not to modify it.  Despite the comment, the

modification eliminates critical language that the testimony of an accomplice must be

"scrutinized with care."  The D.C. Circuit has approved this eliminated language and noted that

the failure to give it may be reversible error.  <u>See</u> <u>United States v. Dickerson</u>, 163 F.3d 639, 643

(D.C. Cir. 1966) ("We have held that, in certain circumstances, it may be error for a district court

to decline to instruct the jury to treat [the] uncorroborated testimony [of an accomplice] with

caution and to scrutinize it with care."); <u>see</u> <u>also</u> <u>United States v. Lee</u>, 506 F.2d 111, 118-19

5

(D.C. Cir. 1974) (when accomplice testimony was uncorroborated, failure to give requested instruction reversible error; approved instruction is that testimony "should be received with caution (or suspicion) and scrutinized with care.").

Mr. Smitherman requests that the Court give the language contained in the instruction prior to the April 2008 revision:

> You have heard testimony from Charles Wiggins. The government has a right to use a witness who testifies that he participated in the offenses charged against the defendant, although the testimony of such a witness should be received with caution and scrutinized with care. You may give his testimony such weight as you think it deserves. If the testimony of a witness who testifies about his own participation in the offense charged is not supported by other evidence, you may convict a defendant upon that testimony only if you believe that it proves the defendant's guilt beyond a reasonable doubt.

### SUMMARY WITNESS TESTIMONY (page 29)

The proposed instruction is not an accurate statement of the law. If the summary testimony does not correctly reflect the facts in evidence, the jury must not simply give the testimony the weight the jury believes it deserves, but must totally disregard the testimony. See United State v. Lamire, 720 F.2d 1327, n.32 (D.C. Cir. 1983). The proposed instruction should be modified to eliminate the last phrase ("then you should give this summary testimony only the weight you believe it deserves") and replace it with the phrase, "then you should totally disregard this testimony."

### CHARTS AND SUMMARIES (page 30)

Similarly, the last sentence of this instruction should be eliminated and replaced with, "If, and to the extent that, you find that they are not in truth summaries of facts or figures shown by

the evidence, you are to disregard them entirely." Id.

### ILLEGAL GRATUITY (pages 33-34)

The Grand Jury charged that Mr. Smitherman received the money at issue "for and because of" a specific official act – "agreeing to approve DCPS work and payments to Wiggins Telecommunications and shell company Motts Sales and Services for goods and services allegedly provided to Moten Elementary School, and ensuring continued and lucrative business for Wiggins with DCPS." Indictment at ¶ 14. As to the last phrase regarding "ensuring continued and lucrative business," the government has presented no evidence and this language must be disregarded. The jury instruction must limit the jury's consideration to the remaining "official act" charged and should include the following language after the third sentence in the second paragraph on page 34, defining the term "official act":

> As charged here, with respect to the third element, in order to find Mr. Smitherman guilty, you must find beyond a reasonable doubt that Mr. Smitherman received the thing of value for or because he agreed to approve DCPS work and payments to Wiggins Telecommunications and shell company Motts Sales and Services for goods and services allegedly provided to Moten Elementary School.

In addition, Mr. Smitherman objects to the remaining portion of that paragraph, beginning with "An illegal gratuity can take the form . . . ." This sentence contains inaccurate statements of the law and should be replaced with:

> The payment must be received for or because of such an official act and not merely for or because of a violation of an official duty.

See United States v. Valdes, 475 F.3d 1319, 1327 (D.C. Cir. 2007).

Also, the following should be added at the end of the instruction: "It is not a crime to give

7

things of value to a public official merely because of his position or to curry favor.  The receipt

of a thing of value by reason of the public official's position or office does not constitute a

crime."

### UNLAWFUL RECEIPT OF SUPPLEMENTATION OF SALARY (page 35)

### Instruction 3.07

Mr. Smitherman objects to the last sentence on page five as an inaccurate statement of the

law.  The sentence should be eliminated and replaced with:

> Salary is the consideration paid, or stipulated to be paid, to a
> person at regular intervals for services; it is the compensation
> regularly paid, as by the year, quarter, month, or week.  To
> constitute salary or a contribution or supplementation of salary, the
> payments must be periodic payments as compensation for the
> employee's services to the District of Columbia.  Lump-sum
> payments do not constitute salary or a contribution or
> supplementation of salary.

See Crandon v. United States, 494 U.S. 152, 159 (1990) (Scalia, J. concurring) ("payments which

are neither made periodically during the term of federal service, nor calculated with reference to

periodic compensation are excluded" ); United States v. Alfisi, 308 F.3d 144, 153 (2d Cir. 2002)

("As we read Section 209, the payments in question must bear some or most of the objective

indicia of salaries, e.g., being so recorded in business records and so treated for tax purposes by

the payor."); United States v. Raborn, 575 F.2d 688, 691 (9th Cir. 1978) (violation of § 209

requires receipt of salary or supplement to salary as compensation).

Mr. Smitherman also objects to the inclusion of the second sentence in the second

paragraph on page 36 ("An employee's services are 'as an officer or employee' of the District of

Columbia if those services are the same or substantially the same as his official government

duties and responsibilities.").  Even if this is an accurate statement of the law, it does not apply in this case because the only services at issue are the approval of the payments to Wiggins Telecommunications and Motts Sales and Services.  In the context of this case, the sentence is confusing and meaningless and should be eliminated.

With regard to the last paragraph on page 36, the Court should replace the definition of "willfully" with:  "As charged here, the government must prove beyond a reasonable doubt that Mr. Smitherman knew of the statute prohibiting unlawful supplementation of salary, that he acted with knowledge that his conduct was unlawful, and that he did so with a purpose to disobey the law."

<strong>"ON OR ABOUT" – PROOF OF</strong>

As to counts four, five and six of the indictment, charging unlawful receipt of supplementation of salary, the date of the offense must be established to be before December 31, 2008.  To clarify this, the proposed instruction should be modified to include the following at the end of the proposed instruction:  "However, as I instructed you, with regard to counts four, five and six of the indictment, charging Unlawful Receipt of Supplementation of Salary, the government must prove beyond a reasonable doubt that the offense occurred before December 31, 2002, while Mr. Smitherman was an employee of the District of Columbia government."

<strong>DEFENSE THEORY INSTRUCTION</strong>

Mr. Smitherman's defense is that he did not receive any money for any illegal purpose.  Mr. Smitherman submits that he did not receive the money for or because of an official act performed by him, and he did not receive the money as compensation for his services as an employee of the District of

9

Columbia. Mr. Smitherman submits that, like the other principals who testified, he did not know of the fraud committed by Lorelle Dance and Charles Wiggins. The government has not proven beyond a reasonable doubt that he signed the monthly transaction logs submitted as government exhibits, when those logs where signed, who signed them or what was on the logs when they were signed. Mr. Smitherman also submits that he did not receive the money while employed as principal of Moten Elementary School and that he received the money as retirement gifts.

It is the government's burden to prove beyond a reasonable doubt, with regard to the Illegal Gratuity counts, that Mr. Smitherman received the checks for or because of an official act performed by him and, with regard to the Supplementation of Salary counts, that he received the checks as compensation for his services as principal at Moten Elementary. Mr. Smitherman is not required to prove the reason that he received the money or that he received the money as retirement gifts. Rather, the government must prove beyond a reasonable doubt that Mr. Smitherman did not receive the money as retirement gifts or for some other lawful purpose. If after a full and fair consideration of all the facts and circumstances in evidence, you find that the government has failed to prove beyond a reasonable doubt that Mr. Smitherman did not receive the money as a retirement gift or for some other lawful purpose, you must find Mr. Smitherman not guilty.

See United States v. Alston, 551 F.2d 315, 319 (D.C. Cir. 1976) (when giving instruction regarding alibi defense, reversible error to fail to include sentence ensuring that jury understands that burden of proof never shifts).

**IMPERMISSIBLE TO INFER GUILT FROM ASSOCIATION (additional request)**

You may not infer that the defendant was guilty of criminal conduct from the mere fact that he interacted with other people who may have been guilty of wrongdoing. See L. Sand, *et al.*, Modern Federal Jury Instructions at 604 (2003). You have heard evidence that Lorelle Dance and Charles Wiggins engaged in a conspiracy to defraud the District of Columbia Public Schools. Mr. Smitherman is not charged with participating in that conspiracy and you may not use the

10

evidence of that conspiracy as evidence of Mr. Smitherman's guilt.

## CONSIDER ONLY THE OFFENSE CHARGED

Mr. Smitherman is not on trial for any act or any conduct not specifically charged in the indictment.

## VERDICT FORM

Finally, Mr. Smitherman objects to the verdict form.  As to each count, the words "Not Guilty" should precede the word "Guilty" because the jury must get past the presumption of innocence (Not Guilty) in order to arrive at a guilty verdict.

Respectfully submitted,

/s/
_____
A.J. KRAMER
FEDERAL PUBLIC DEFENDER


/s/
_____
MARY MANNING PETRAS
ASSISTANT FEDERAL PUBLIC DEFENDER
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500